

# METHFESSEL & WERBEL
### A Professional Corporation

| | | |
|---|---|---|
| JOEL N. WERBEL> | Counsel | Associates, Cont'd |
| JOHN METHFESSEL, JR.> | STEPHEN G. BRENNER+^ | ALLISON M. KOENKE> |
| FREDRIC PAUL GALLIN*+^ | ADAM M. CARMAN+^ | JOHN M. MARTIN> |
| WILLIAM S. BLOOM>* | SHAJI M. EAPEN+ | ANTHONY J. MANCUSO> |
| ERIC L. HARRISON*+ | JOSEPH C. FALK> | KAJAL J. PATEL+ |
| MATTHEW A. WERBEL> | ANGELA M. GURRERA> | ADAM M. SCHWARTZ+ |
| LORI BROWN STERNBACK*+ | GERALD KAPLAN+ | VITTORIA A. SCULCO> |
| I. BLAKELEY JOHNSTONE, III+* | JARED P. KINGSLEY*+ | SARAH E. SHEPP+ |
| GINA M. STANZIALE> | JOHN R. KNODEL*+ | ALYCIA M. SWIFT+ |
| PAUL J. ENDLER JR.> | LESLIE A. KOCH= | TIFFANY D. TAGARELLI> |
| JAMES P. CULLEN, JR.=^ | CHARLES T. MCCOOK, JR.*> | |
| THOMAS O. MULVIHILL> | CHRISTINA MICHELSON+ | * Certified by the Supreme Court of |
| JAMES FOXEN^ | RICHARD A. NELKE~ | New Jersey as a Civil Trial Attorney |
| SARAH K. DELAHANT+ | STEVEN K. PARNESS+ | +Member of NY & NJ Bar |
| ATHINA L. CORNELL+ | RAINA M. PITTS^ | ^Member of PA & NJ Bar |
| JEFFREY R. MERLINO+ | AMANDA J. SAWYER^ | ^Member of NY Bar only |
| JENNIFER A. OSBORNE+ | JARED S. SCHURE> | >Member of NJ Bar only |
| ANDREW J. GIBBS> | STEVEN A. UNTERBURGER+ | #Member of NJ & LA. Bar |
| | | <Member of NJ & DC Bar |
| Of Counsel | Associates | ≤Member of NJ, NY & CA Bar |
| STEPHEN R. KATZMAN# | JILLIAN T. CLARK> | ≥Member of NJ, PA & DC Bar |
| ED THORNTON> | EDWARD D. DEMBLING> | ~Member of NY, NJ & DC Bar |
| MICHAEL TRIFIOLIS | KARISHMA DHRUVE> | =Member of NY, NJ & MA Bar |
| BETH A. BOLGER+ | MICHAEL R. EATROFF> | |
| PAUL E. GRIGGS> | FRANK J. KEENAN+^ | **Please reply to New Jersey** |
| | SCOTT KETTERER> | |
| Retired | | |
| JOHN METHFESSEL, SR.> | | |
| (1935-2017) | | |
| DON CROWLEY*+ | | |
| (1942-2024) | | |
| MARC DEMBLING*+ | | |
| (1944-2022) | | |

December 6, 2024

VIA ECOURTS FILING
Clerk, Middlesex County Superior Court
56 Paterson Street
New Brunswick, NJ 08903-0964

RE: **JESSICA KRATOVIL AND BRIAN RAK VS. PISCATAWAY TOWNSHIP**
  Our File No.   : 95781 WSB
  Docket No.    : 2:24-cv-10661

Dear Sir/Madam

Enclosed please find the following documents:

☒ Answer
☒ Designation of Trial Counsel
☒ CIS Form

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

*/s/ William S. Bloom*

William S. Bloom
bloom@methwerb.com
Ext. 167

ELH:jrf/Encl.

---

2025 Lincoln Highway • Suite 200 • P.O. Box 3012 • Edison, NJ 08818 • (732) 248-4200 • FAX (732) 248-2355
112 West 34th Street • 17th Floor • New York, NY 10120 • (212) 947-1999 • FAX (212) 947-3332
One Liberty Place • 1650 Market St., 36th Floor • Philadelphia, PA 19103 • (215) 665-5622 • FAX (215) 665-5623
101 Federal Street • Suite 1900 • Boston, MA 02110 • (617) 204-5630 • FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No.: 95781 WSB
Page 2

  cc:    <u>VIA EMAIL: jhiller@wgpllp.com</u>
          Jennifer Hiller Nimeroff
          Weir Greenblatt Pierce LLP
          35 Kings Highway East
          Haddonfield, NJ 08033

William S. Bloom - ID #016631994
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
bloom@methwerb.com
Attorneys for Piscataway Township
Our File No.  95781 WSB

| | |
|---|---|
| JESSICA KRATOVIL AND BRIAN RAK<br>1247 BROOKSIDE ROAD<br>PISCATAWAY, NJ 08854<br><br>   Plaintiff<br><br>V.<br><br>PISCATAWAY TOWNSHIP<br>455 HOES LANE<br>PISCATAWAY, NJ 08854<br><br>   Defendant | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.: 2:24-cv-10661<br><br>Civil Action<br><br>**ANSWER** |

Defendant, Piscataway Township, by way of Answer to the Complaint filed herein says:

### **PARTIES AND VENUE**

  1. Admit.

  2. Admit.

  3. Matter has been removed to Federal Court.

  4. Matter has been removed to Federal Court.

### **BACKGROUND**

  5. Admitted insofar as the Township is a governmental entity with various responsibilities defined by law; otherwise denied.

  6. Admitted insofar as the Township is a governmental entity

with various responsibilities defined by law; otherwise denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

### **COUNT 1 – NEGLIGENCE/DANGEROUS CONDITION**

23. The above is incorporated by reference.

24. Admitted insofar as the Township is a governmental entity with various responsibilities defined by law; otherwise denied.

25. Admitted insofar as the Township is a governmental entity with various responsibilities defined by law; otherwise denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**WHEREFORE** the Defendants demand judgment dismissing the Complaint with prejudice and awarding fees, costs and such other relief as the Court may deem just and equitable.

### COUNT II – NUISANCE

30. The above is incorporated by reference.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**WHEREFORE** the Defendants demand judgment dismissing the Complaint with prejudice and awarding fees, costs and such other relief as the Court may deem just and equitable.

### COUNT III – TRESPASS

35. The above is incorporated by reference.

36. Admit.

37. Admit.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**WHEREFORE** the Defendants demand judgment dismissing the Complaint with prejudice and awarding fees, costs and such other relief as the Court may deem just and equitable.

## COUNT IV – INVERSE CONDEMNATION

44. The above is incorporated by reference.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**WHEREFORE** the Defendants demand judgment dismissing the Complaint with prejudice and awarding fees, costs and such other relief as the Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

## FIRST SEPARATE DEFENSE

The accident and/or injuries allegedly sustained were caused and/or contributed to by the negligence of the plaintiff and plaintiff's claim, accordingly, is barred or diminished by application of the Comparative Negligence Statute.

**SECOND SEPARATE DEFENSE**

The accident and injuries allegedly sustained were caused and/or contributed to by the acts of third persons over whom this defendant had no control.

**THIRD SEPARATE DEFENSE**

This defendant breached no duty due and owing to the plaintiff.

**FOURTH SEPARATE DEFENSE**

The Complaint herein fails to set forth a cause of action as against this defendant.

**FIFTH SEPARATE DEFENSE**

Plaintiff's Complaint is barred by application of the Entire Controversy Doctrine.

**SIXTH SEPARATE DEFENSE**

Plaintiff's Complaint is barred by the Doctrine of Waiver and Estoppel.

**SEVENTH SEPARATE DEFENSE**

This defendant is entitled to a set off and/or a reduction of any damage award pursuant to N.J.S.A. 2A:15-97 et. seq. in that the alleged accident occurred on or after December 18, 1987.

**EIGHTH SEPARATE DEFENSE**

The claim of the plaintiff is barred by virtue of the Statute of Limitations.

### NINTH SEPARATE DEFENSE

This defendant is entitled to a set-off and/or reduction of any damage award pursuant to N.J.S.A. 2A:15-5.2 et. seq. in that the alleged accident occurred on or after December 18, 1987.

### TENTH SEPARATE DEFENSE

Any and all claims of the plaintiff are barred by reason of lack of jurisdiction over the defendant due to lack of service of process.

### ELEVENTH SEPARATE DEFENSE

Any and all claims of the plaintiff are barred by reason of lack of personal jurisdiction over the defendant.

### TWELFTH SEPARATE DEFENSE

While denying any negligence on the part of this defendant, should it be adjudged otherwise, then defendant's liability should be limited as provided by the terms and provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq.

### THIRTEENTH SEPARATE DEFENSE

The damages, if any, sustained by the plaintiff are barred or otherwise limited by virtue of the New Jersey Comparative Negligence Laws, N.J.S.A. 2A:15-5.1, et. seq.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claim is barred or should be diminished by virtue of the terms and provisions of N.J.S.A. 59:2-l, et. seq.

### FIFTEENTH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:3-1, et. seq.

### SIXTEENTH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:4-1, et. seq.

### SEVENTEENTH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:5-1, et. seq.

### EIGHTEENTH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:6-1, et. seq.

### NINTEENTH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:7-1, et. seq.

### TWENTIETH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:8-1, et. seq.

### TWENTY FIRST SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:9-1, et. seq.

### TWENTY SECOND SEPARATE DEFENSE

At all times mentioned in the Complaint, any and all actions or omissions of these parties relating in any way to plaintiff's alleged damages involved decisions of these parties within an area of non-actionable governmental discretion. By virtue of the said premises, these parties are not liable to any party herein.

### TWENTY THIRD SEPARATE DEFENSE

This action is barred as to these parties by reason of the failure of the party asserting a claim against these parties to present a notice of claim pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### TWENTY FOURTH SEPARATE DEFENSE

These parties are public entities within the meaning of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and, by virtue of the said New Jersey Tort Claims Act and its various provisions, these parties are not liable to any party herein and any recovery by any party herein is subject to the limitations set forth is said Act.

### TWENTY FIFTH SEPARATE DEFENSE

The damages recoverable in this action, if recoverable at all, are limited by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

## DEMAND FOR DAMAGES

Attorneys for plaintiff are hereby required and requested to furnish the undersigned within five (5) days with a written statement of the amount of damages claimed in this action.

## JURY DEMAND

The defendant hereby demands trial by a jury as to all issues.

                        **METHFESSEL & WERBEL, ESQS.**
                        Attorneys for Piscataway Township

By:_____
      William S. Bloom

DATED: December 6, 2024

**DESIGNATION OF TRIAL COUNSEL**

The Court is advised that William S. Bloom, Esq. is hereby designated as trial counsel on behalf of the defendant(s), Piscataway Township.

            **METHFESSEL & WERBEL, ESQS.**
            Attorneys for Piscataway Township

          By:_____
            William S. Bloom

DATED: December 6, 2024

Our File No. 95781

**CERTIFICATE OF MAILING**

The undersigned hereby certifies as follows:

    1.    I am employed by the law firm of Methfessel & Werbel.

    2.    On December 6, 2024 the undersigned prepared and forwarded copies of the within Answer to the following parties:

    Jennifer Hiller Nimeroff, Esq.
    Weir Greenblatt Pierce LLP
    35 Kings Highway East
    Haddonfield, NJ 08033

    3.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Jessica Ford