UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSICA KRATOVIL AND BRIAN RAK | : | |
| Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 2:24-cv-10661 |
| PISCATAWAY TOWNSHIP | : | JOINT PROPOSED DISCOVERY PLAN |
| Defendant | : | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   Plaintiffs Jessica Kratovil and Brian Rak
       Jennifer Hiller Nimeroff, Esquire
       WEIR LLP, a Pennsylvania limited liability partnership
       20 Brace Road, Suite 201
       Cherry Hill, NJ 08034
       Main Tele: (856) 429-7750
       Fax: (856) 427-0360
       Direct Dial: (215) 241-7757

   Defendant Piscataway Township
       William S. Bloom, Esquire
       METHFESSEL & WERBEL
       2025 Lincoln Hwy #200
       Edison, NJ 08817
       Main Tele: 732 248 4200
       Fax:    732 248 2355
       Direct Dial: 732 650 6513

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   <u>This case arises from damages sustained by Plaintiffs arising from flooding of their property due to improperly designed and/or maintained drainage by Piscataway Township. Plaintiffs allege against the Township claims for negligence/dangerous condition, nuisance, trespass and inverse condemnation. Defendant denies all such claims and asserts affirmative defenses.</u>

3. Have settlement discussions taken place? NO

4. The parties met pursuant to Fed. R. Civ. P. 26(f), on January 7, 2025.

5. The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). Parties propose the due date of January 29, 2025 to exchange such information.

6. Explain any problem in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1). NONE

7. The parties have not filed disclosures of third-party litigation funding, but will do so by January 29, 2025.

8. The parties have not conducted discovery other than the above disclosures.

9. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects: liability and damages.

   (b) Discovery should not be conducted in phases or limited to particular issues.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. Disclosures: January 29, 2025.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): Completed January 7, 2025.

   (3) Service of initial written discovery: By February 12, 2025.

   (4) Maximum of 25 Interrogatories by each party to each other party.

   (5) Maximum of 7 depositions to be taken by each party; however, parties reserve the right to amend the number of depositions depending on what the parties' documents may reveal.

   (6) Motions to amend or to add parties to be filed within 45 days from when Defendant respond to Plaintiffs' initial discovery requests.

   (7) Factual discovery to be completed by July 31, 2025.

   (8) Plaintiffs' expert reports due on August 29, 2025.

(9) Defendant's expert reports due <u>on October 29, 2025.</u>

***Plaintiffs' rebuttal reports due by <u>November 30, 2025.</u>

(10) Expert depositions completed by <u>January 15, 2026.</u>

(11) Dispositive motions to be served <u>at any time, but no later than thirty (30) days following completion of all discovery.</u>

(12) A pretrial conference may take place <u>any time after January 30, 2026.</u>

9. Do you anticipate any special needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? <u>NO</u>

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? <u>NO</u>

11. Do you anticipate entry of a Discovery Confidentiality Order? <u>NO</u>

12. Do you anticipate any discovery problem(s) not listed above? <u>NO</u>

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, <u>after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.). This case is not appropriate for compulsory arbitration, as it contains a claim based on an alleged violation of a right secured by the Constitution of the United States. Further, Plaintiffs desire that that their claims be tried before a jury of their peers. Mediation may be appropriate following the close of discovery.</u>

14. Is this case appropriate for bifurcation? <u>NO</u>

15. An interim status/settlement conference (with clients in attendance) should be held? <u>The parties leave open the possibility for such conference to be scheduled in the future.</u>

17. We DO NOT CONSENT to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.  <u>Plaintiffs desire to file a Motion for Pro Hac Vice Admission of Robert D. Sokolove.</u>

<u>/s/ Jennifer Hiller Nimeroff</u>           Date: January 7, 2025
Jennifer Hiller Nimeroff, Esquire
*Attorneys for Plaintiffs*

/s/ *[signature]*                              Date: January 7, 2025
William S. Bloom, Esquire
*Attorneys for Piscataway Township*

Case 2:24-cv-10661-EP-SDA   Document 4   Filed 01/07/25   Page 4 of 4 PageID: 45

4