UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSICA KRATOVIL AND BRIAN RAK : | | |
| : | | |
| Plaintiffs : | CIVIL ACTION | |
| : | | |
| v. : | NO. 2:24-cv-10661 | |
| : | | |
| PISCATAWAY TOWNSHIP : | | |
| : | **CERTIFICATION OF COUNSEL IN** | |
| : | **SUPPORT OF MOTION FOR *PRO HAC*** | |
| : | ***VICE* ADMISSION OF ROBERT D.** | |
| : | **SOKOLOVE, ESQUIRE** | |
| Defendant : | | |
| : | | |

I, Jennifer Hiller Nimeroff, Esquire, of full age, certify and say:

1. Jennifer Hiller Nimeroff, Esquire is an attorney licensed to practice law in the State of New Jersey, a partner of the law firm Weir LLP and the attorney of record for Jessica Kratovil and Brian Rak in connection with the above-captioned civil action.

2. Plaintiffs move this Court for an order admitting Robert D. Sokolove, Esquire *pro hac vice* pursuant to L. Civ. R. 101.1(c).

3. Robert D. Sokolove, Esquire is also a partner of the law firm Weir LLP. He is a member in good standing of the bar of the highest court of Commonwealth of Pennsylvania, in which he principally practices law. *See* Certificate of Good Standing from the Supreme Court of Pennsylvania attached as Exhibit "A."

4. Mr. Sokolove is also a member of the bar of the District of Columbia and the State of Maryland.

5. Mr. Sokolove became a member of the bar of the District of Columbia on August 25, 1980. He is a member in good standing. The Bar Association of the District of Columbia is located at 1016 16th Street NW, Suite 101, Washington, DC 20036.

6. Mr. Sokolove became a member of the bar of the State of Maryland on December 7, 1987. He is a member in good standing. The Bar Association of the State of Maryland is located at 520 W. Fayette St., Baltimore, MD 21201.

7. No disciplinary proceedings are pending against Mr. Sokolove in any jurisdiction and no discipline has previously been imposed on him in any jurisdiction. *See* Affidavit of Robert D. Sokolove, Esquire attached hereto as Exhibit "B."

8. Mr. Sokolove and I have been actively engaged in the prosecution of this civil action, and are familiar with the facts and procedural history of this case. Because of the complexity of some of the issues involving flooding and drainage, Plaintiffs request that Mr. Sokolove serve as their co-counsel alongside me.

9. Indeed, Plaintiffs specifically requested to be represented by Weir LLP and, in particular, Robert D. Sokolove, Esquire.

10. Mr. Sokolove has expertise in the field of drainage and issues involving flooding, as more detailed in his Affidavit, annexed as Exhibit "B". It is this expertise that caused Plaintiffs to retain Weir LLP and Mr. Sokolove for this civil action, since this case involves drainage and flooding issues, among others.

11. I, or other qualified attorneys associated with Weir LLP, admitted to practice law in New Jersey, will sign all pleadings, briefs and other papers filed with the Court in this case, and agree to be responsible for them and for the conduct of this case and Robert D. Sokolove, Esquire, if he is admitted *pro hac vice* pursuant to L. Civ. R. 101.1(c) and this motion.

12. If this motion is granted, the necessary payment and Application for *Pro Hac Vice* Admission will be forwarded to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2(a). L. Civ. R. 101.1(c)(2).

13. Likewise, the necessary payment to the Clerk of the United States District Court for the District of New Jersey will be made. L. Civ. R. 101.1(c)(3).

14. Mr. Sokolove agrees to take no fees in excess of New Jersey Court Rule 1:21-7 governing contingent fees. Exhibit "B".

15. Mr. Sokolove has an excellent reputation amongst his peers, and a man of experience, integrity and honesty.

16. It is believed that the best interests of the Plaintiffs will be served by granting this motion and Mr. Sokolove's *pro hac vice* admission due to his experience with the issues involved in this case.

17. Good cause having been shown, Plaintiffs respectfully request that this Honorable Court enter an order admitting Robert D. Sokolove, Esquire *pro hac vice*.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 5, 2025

*/s/ Jennifer Hiller Nimeroff*
Jennifer Hiller Nimeroff, Esquire
Attorney I.D. No. 027241995

WEIR LLP
A Pennsylvania Limited Liability Partnership
20 Brace Road
Suite 201
Cherry Hill, NJ 08034
(856) 429-7750
(856) 427-0360 (Facsimile)
jhiller@weirlawllp.com

*Attorneys for Plaintiffs*

# EXHIBIT "A"



## Supreme Court of Pennsylvania

### CERTIFICATE OF GOOD STANDING

*Robert David Sokolove, Esq.*

DATE OF ADMISSION

*November 23, 1977*

The above named attorney was duly admitted to the bar of the Commonwealth of Pennsylvania, and is now a qualified member in good standing.



Witness my hand and official seal
Dated: July 10, 2024

Darian Holland
Chief Clerk

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSICA KRATOVIL AND BRIAN RAK | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:24-cv-10661 |
| | : | |
| PISCATAWAY TOWNSHIP | : | |
| | : | **AFFIDAVIT OF** |
| | : | **ROBERT D. SOKOLOVE, ESQUIRE** |
| | : | |
| Defendants | : | |
| | : | |

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) SS. |
| COUNTY OF PHILADELPHIA | ) |

Robert D. Sokolove, Esquire, of full age, being duly sworn deposes and says:

1. I submit this Affidavit in support of Plaintiffs' motion for my admission *pro hac vice* pursuant to L. Civ. R. 101.1(c).

2. I am a partner of the law firm Weir LLP, a Pennsylvania Limited Liability Partnership, which maintains offices in Camden County, New Jersey at 20 Brace Road, Suite 201 Cherry Hill, NJ 08034.

3. I am a member in good standing of the bar of the highest court of the state in which I principally practice law, that being the Supreme Court of the Commonwealth of Pennsylvania.

4. I am also admitted to the practice of law and a member in good standing in the District of Columbia and State of Maryland.

5. I have been engaged in the practice of law for more than 40 years.

6. I am not under suspension or disbarment by any Court, State or Federal.

7. No disciplinary proceedings are pending against me with regard to my practice as an attorney in any jurisdiction, and I am not the subject of previously imposed discipline in any jurisdiction.

8. I am associated in this matter with the New Jersey counsel of record, Jennifer Hiller Nimeroff, Esquire, and/or other qualified attorneys employed by Weir LLP and admitted to practice in New Jersey, who will sign all pleadings, briefs and other papers filed with the Court.

9. I have had an attorney-client relationship with the Plaintiffs for several months and they have specifically requested to be represented by Weir LLP and, in particular, by me in this civil action.

10. I have specialized knowledge and expertise in the complex field of law which is implicated in this action; namely, claims of inverse condemnation, dangerous condition liability, nuisance and trespass associated with the diversion of water and residential flooding, having litigated such claims on dozens of occasions previously, including in this Court.

11. More specifically, I specialize in flood litigation and have been representing individuals and communities with flood related issues for 43 years. My practice is national in that I have litigated flood cases in 38 states. I was FEMA's First Associate General Counsel for Flood in 1979. I have particular familiarity with local community flooding issues in Bristol, Croydon, Bensalem and Yardley, Pennsylvania. I have testified as an expert before committees of the U.S. House of Representatives, the U.S. Senate, three State Legislatures and before the National Academy of Sciences on flood related issues. I was the keynote speaker at approximately 25 national flood, engineering, legal and municipal conferences, and I have approximately 20 published articles on flood causation, flood risk, flood insurance, damages, global warming/climate change impacts.

12. If this motion is granted, the necessary payment and Application for *Pro Hac Vice* Admission will be forwarded to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2(a).

13. If this motion is granted, the necessary payment to the Clerk of the United States District Court for the District of New Jersey will be made.

14. I agree to abide by New Jersey Court Rule 1:21-7 governing contingent fees.

_____
Robert D. Sokolove

Dated: February 5, 2025

Sworn to before me on this 5TH day of February, 2025.

_____
Notary Public

KATHLEEN A. REMETTA
NOTARY PUBLIC OF NEW JERSEY
Commission # 50141119
My Commission Expires 10/20/2025