William S. Bloom - ID #016631994
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
bloom@methwerb.com
Attorneys for Piscataway Township
Our File No.  95781 WSB

| | |
|---|---|
| JESSICA KRATOVIL AND BRIAN RAK<br>1247 BROOKSIDE ROAD<br>PISCATAWAY, NJ 08854<br><br>      Plaintiff<br><br>V.<br><br>PISCATAWAY TOWNSHIP<br>455 HOES LANE<br>PISCATAWAY, NJ 08854<br><br>      Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNITED STATES<br>DISTRICT - NEWARK<br>CIVIL ACTION NO.: 2:24-CV-10661<br><br>Civil Action<br><br>**CERTIFICATION** |

I, William S. Bloom, of full age, duly certify as follows:

1. I am an attorney at law in the State of New Jersey, associated with the law firm of Methfessel & Werbel, attorneys for the defendant(s), Piscataway Township, and in such capacity, I am fully familiar with the facts of the within matter.

2. Piscataway Township (hereinafter "Defendant") is a municipality located in Middlesex County that operates on 455 Hoes Lane, Piscataway, NJ 08854.

3. On October 22, 2024, Plaintiff filed a Complaint in the Superior Court of New Jersey against defendant. **Exhibit A, Pl. Complaint.**

4. Plaintiff alleges that, due to the defendant's stormwater system, rainwater was directed onto Plaintiff's property, causing significant damage and destruction to their property, located at 1247 Brookside Road, Piscataway, New Jersey 08854. **Exhibit A.**

5. Plaintiff does not claim a specific date of injury but rather alleges that "there have been numerous floods which have occurred over the years, including within the two years preceding the commencement of this civil action." **Exhibit A.**

6. At Count One, plaintiffs allege that defendants were negligent and liable for a dangerous condition of public property. **Exhibit A.**

7. At Count Two, plaintiffs allege nuisance and unreasonable interference with plaintiff's property. **Exhibit A.**

8. At Count Three, plaintiffs allege trespass. **Exhibit A.**

9. At Count Four, plaintiffs allege that defendant's conduct constituted an inverse condemnation. **Exhibit A.**

10. Movant is a public entity, pursuant to N.J.S.A 59:1-3.

11. Pursuant to N.J.S.A 59:8-8, plaintiff had ninety (90) days from the date of the incident, or in this case, the date of the damage, to serve defendants with a Tort Claims Notice.

12. Plaintiff failed to serve any Tort Claims Notice to defendants.

13. As such, Defendant moves to dismiss Counts One, Two and Three of plaintiff's complaint with prejudice for failure to properly serve a notice of claim upon a public entity, pursuant to the Torts Claim Act.

      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

                                        **METHFESSEL & WERBEL, ESQS.**
                                        Attorneys for Piscataway Township

                                        By:_____
                                               William S. Bloom

DATED: February 14, 2025