**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESSICA KRATOVIL AND BRIAN RAK<br>1247 BROOKSIDE ROAD<br>PISCATAWAY, NJ 08854<br><br>      Plaintiff<br><br>V.<br><br>PISCATAWAY TOWNSHIP<br>455 HOES LANE<br>PISCATAWAY, NJ 08854<br><br>      Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNITED STATES<br>DISTRICT - NEWARK<br>CIVIL ACTION NO.: 2:24-CV-10661<br><br><br>Civil Action |

**DEFENDANTS PISCATAWAY TOWNSHIP'S BRIEF IN SUPPORT OF
MOTION TO DISMISS**

                                                                            **METHFESSEL & WERBEL, ESQS.**
                                                                            2025 Lincoln Highway, Suite 200
                                                                            PO Box 3012
                                                                            Edison, New Jersey 08818
                                                                            (732) 248-4200
                                                                            1(732) 248-2355
                                                                            bloom@methwerb.com
                                                                            Attorneys for Piscataway Township
                                                                            Our File No.  95781 WSB

Of counsel and on the brief:
William S. Bloom, Esq.

**TABLE OF AUTHORITIES**

Page(s)

Cases

Birchwood Lakes Colony Club v. Medford Lakes,
   90 *N.J.* 582, 449 *A.*2d 472 (1982) ........................................................................ 2
Kenney v. Scientific, Inc.,
   204 N.J. Super. 228, 497 A.2d 1310 .................................................................... 2
Kolitch v. Lindedahl,
   100 N.J. 485 (1985) ............................................................................................... 2
Pandya v. State, Dep't of Transp.,
   375 N.J. Super. 353 (App. Div. 2005) .................................................................... 1
Polyard v. Terry,
   160 N.J. Super. 497, 390 *A.*2d 653 (App.Div.1978) .............................................. 2
Russo Farms, Inc. v. Vineland Bd. of Educ.,
   280 N.J. Super. 320, 655 A.2d 447 (App. Div. 1995) ............................................ 2
Vincitore v. N.J. Sports & Exposition Auth.,
   169 N.J. 119 (2001) ............................................................................................... 1
Wright v. State,
   169 N.J. 422 (2001) ............................................................................................... 1

Statutes

N.J.S.A. 59:1–2 ............................................................................................................ 2
N.J.S.A. 59:1-1 ............................................................................................................. 2
N.J.S.A. 59:2–2 ............................................................................................................ 2
N.J.S.A. 59:4-1 ............................................................................................................ 1
N.J.S.A. 59:4–2 ............................................................................................................ 2
N.J.S.A. 59:8-8 ........................................................................................................ 2,3
N.J.S.A. 59:8–7 ............................................................................................................ 2

**LEGAL ARGUMENT**

**PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMNTS OF THE TORT CLAIMS ACT**

Plaintiff failed to service a notice of tort claim within ninety (90) days after the date of the accrual for the cause of action, as required under the Tort Claims Act (TCA). As such, Counts One, Two, and Three of plaintiff's complaint which are governed by the Tort Claims Act must be dismissed with prejudice.

When a party alleges that an injury arising from a tortious action or inaction of a public entity, any causes of action brought will be subject to the Torts Claim Act. N.J.S.A. 59:4-1, et seq. The Tort Claim Act defines the boundaries of sovereign immunity for public entities in New Jersey, and prescribes "the nature, extent and scope of state and local tort liability and the procedural requisites for prosecuting tort claims against governmental agencies." Wright v. State, 169 N.J. 422, 435 (2001) (internal quotations omitted).

Although the Torts Claim Act has dissolved sovereign immunity to an extent, immunity nonetheless remains the general rule, with liability existing only within narrow exceptions. Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119 (2001); Pandya v. State, Dep't of Transp., 375 N.J. Super. 353, 367 (App. Div. 2005). "The statute is . . . unmistakably clear in providing that liability on the part of the State cannot be imposed

1

unless consistent with the entire Act itself." Kolitch v. Lindedahl, 100 N.J. 485, 492 (1985) (emphasis added).

Pursuant to the procedural requirements of the Tort Claims Act, N.J.S.A. 59:8–7, and N.J.S.A. 59:8–8, filing a notice of claim is a prerequisite to maintaining any of plaintiff's nuisance, trespass or other tort claims against a township or public entity. *See* Russo Farms, Inc. v. Vineland Bd. of Educ., 280 N.J. Super. 320, 325, 655 A.2d 447, 449 (App. Div. 1995), aff'd in part, rev'd in part, 144 N.J. 84, 675 A.2d 1077 (1996). N.J.S.A. 59:1–2; Polyard v. Terry, 160 N.J. Super. 497, 506, 390 *A*.2d 653 (App.Div.1978), Birchwood Lakes Colony Club v. Medford Lakes, 90 *N.J.* 582, 449 *A*.2d 472 (1982). New Jersey Courts have reaffirmed that an action in nuisance against a public entity is subject to standards of the Tort Claims Act. N.J.S.A. 59:1-1. Kenney v. Scientific, Inc., 204 N.J. Super. 228, 497 A.2d 1310 (L.1985). With respect to the statutory recognition and continuation of the nuisance cause of action, the two sections of the act implicated are N.J.S.A. 59:4–2 and N.J.S.A. 59:2–2. The former creates liability for injury caused by the dangerous condition of a public entity's property. Birchwood Lakes Colony Club, Inc. v. Borough of Medford Lakes, 90 N.J. 582, 593, 449 A.2d 472, 478 (1982)

N.J.S.A 59:8-8 of the Torts Claim Act requires any claim relating to a cause of action for injury or damage to person or to property to be:

> Presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant

2

> may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9.

In the within matter, plaintiff alleges significant property damage due to repeated flooding caused by the defendant's stormwater management system. Defendant is a public entity, and thus, plaintiff was required to provide a notice of tort claim within ninety days of the accrual of the first three causes of action set forth in the complaint. In Count One of the complaint, plaintiff alleges that defendants were negligent and caused a dangerous condition on public property. In Count Two of the complaint, plaintiff alleges nuisance and unreasonable interference with plaintiff's property. In Count Three of the complaint, plaintiff alleges trespass.

Plaintiff has failed to follow the statutory requirements of the Tort Claims Act, specifically N.J.S.A. 59:8-8. As such, Counts One, Two, and Three of plaintiff's complaint must be dismissed with prejudice.