# EXHIBIT A

WEIR GREENBLATT PIERCE, LLP
A Pennsylvania Limited Liability Partnership
By: Jennifer Hiller Nimeroff, Esquire
(ID#027241995)
35 Kings Highway East
Haddonfield, New Jersey 08033
(856) 429-7750
(856) 427-0360 (fax)
jhiller@wgpllp.com

Attorneys for Plaintiffs

| | |
|---|---|
| JESSICA KRATOVIL and BRIAN RAK<br>1247 Brookside Road<br>Piscataway, NJ 08854<br><br>Plaintiffs<br><br>v.<br><br>PISCATAWAY TOWNSHIP<br>455 Hoes Lane<br>Piscataway, NJ 08854<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO.: 005995-24<br><br>CIVIL ACTION<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:
  **Piscataway Township**

  The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) **If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.** A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
Michelle M. Smith
Clerk of the Superior Court

DATED: October 24, 2024

Name of Defendant to be Served:   **Piscataway Township**
Address of Defendant to be Served:  **455 Hoes Lane**
**Piscataway, NJ 08854**



# New Jersey Judiciary
## Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1. Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

### For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Jennifer Hiller Nimeroff, Esquire | 856-429-7750   ext. | Middlesex |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Weir Greenblatt Pierce LLP | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 35 Kings Highway East | Haddonfield | NJ | 08033 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ☒ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Jessica Kratovil and Brian Rak | Jessica Kratovil and Brian Rak v. Piscataway Township |

Case Type Number (See page 3 for listing) ___617/699___

| | Yes | No |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ | ☒ |
| Does this case involve claims related to COVID-19? | ☐ | ☒ |
| Is this a professional malpractice case? | ☐ | ☒ |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ☒ No |
|---|---|---|
| If "Yes," list docket numbers | | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☒ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ☒ Unknown |
|---|---|---|

Revised Form Promulgated by 12/21/2023 Notice to the Bar (effective 01/01/2024), CN 10517 (Appendix XII-B1)    page 1 of 4

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|
| Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation |
| Do parties have a current, past or recurrent relationship?  ☐ Yes  ☒ No<br>If "Yes," is that relationship:<br>☐ Employer/Employee  ☐ Friend/Neighbor  ☐ Familial  ☐ Business<br>☐ Other (explain) _____ |
| Does the statute governing this case provide for payment of fees by the losing party?  ☒ Yes  ☐ No<br>N.J.S.A. 20:3-26(c) |
| Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition. |
| ♿ Do you or your client need any disability accommodations?  ☐ Yes  ☒ No<br>If yes, please identify the requested accommodation:<br><br>Will an interpreter be needed?  ☐ Yes  ☒ No<br>If yes, for what language? |
| **I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**<br>Attorney/Self-Represented Litigant Signature: _/s/ signature_ |

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership
By: Jennifer Hiller Nimeroff, Esquire (Id. No.0272241995)
35 Kings Highway East
Haddonfield, New Jersey 08033
(856) 429-7750
(856) 427-0360 (fax)
jhiller@wgpllp.com                                    *Attorneys for Plaintiffs*

| | |
|---|---|
| JESSICA KRATOVIL and BRIAN RAK 1247 Brookside Road Piscataway, NJ 08854 | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| Plaintiffs | DOCKET NO.: CIVIL ACTION |
| v. | **COMPLAINT** |
| PISCATAWAY TOWNSHIP 455 Hoes Lane Piscataway, NJ 08854 | |
| Defendant. | |

Plaintiffs, Jessica Kratovil and Brian Rak, by and through their counsel, Weir Greenblatt Pierce LLP, file this Complaint against Piscataway Township arising from flooding conditions which have resulted in a dangerous condition, nuisance, trespass and taking of the real property, and aver as follows:

PARTIES AND VENUE

1.   Plaintiffs, Jessica Kratovil and Brian Rak are adult individuals who, at all relevant times hereto, own and reside at the property located at 1247 Brookside Road, Piscataway, New Jersey 08854 (the "Property").

1

2. Defendant, Piscataway Township (the "Township"), is a municipality located within the County of Middlesex and the State of New Jersey, with its municipal offices located at 455 Hoes Lane, Piscataway, New Jersey 08854.

3. Venue is appropriate in the Superior Court, Law Division under R. 4:3-1(a)(5) as the action primarily seeks monetary relief and does not involve probate or family law matters, among others.

4. Venue is appropriate in Middlesex County under R. 4:3-2, as this action involves damages to real property located in Middlesex County, Plaintiffs' causes of action arose in Middlesex County, and the Township is located in Middlesex County.

## BACKGROUND

5. The Township is a governmental entity whose responsibilities are, among other things, to maintain a stormwater management system within its jurisdictional boundaries and in such a manner as to protect its citizens from flooding.

6. Likewise, the Township is required to meet and maintain certain standards consistent with its own stormwater management guidelines, those of the County of Middlesex, the State of New Jersey, and by its own ordinances mandated by the Federal Emergency Management Agency ("FEMA").

7. At all times material hereto, the Township authorized, procured, owned, operated, controlled, and maintained the stormwater management system at and near the Property, including through sewers, drains and pipes within sanitary sewer and drainage easements (together the "Easements"), in a dangerous condition as described herein.

8. Due to the Township's faulty and dangerous stormwater management system, including through its inadequately sized, pitched and/or maintained sewers, drains and pipes within

the Easements, when there is a significant rain event, the Township's stormwater management system overflows and the Property floods.

9. On repeated occasions, flood waters have entered the Plaintiffs' home located on the Property.

10. The Township has taken no steps to retain the stormwater, or taken any other steps to manage, slow or prevent the stormwater from flowing onto the Plaintiffs' Property.

11. Likewise, the Township has taken no steps to address its inadequately sized, pitched and/or maintained sewers, drains and pipes within the Easements to manage, slow or prevent the stormwater from flowing onto the Plaintiffs' Property.

12. There have been numerous flood events which have occurred over the years, including within the two years preceding the commencement of this civil action.

13. During that period, the Property has suffered repeated and extreme damage from the flooding caused by the Township's stormwater management system, including significant soil erosion and downed trees.

14. The Township is aware of the flooding issues, but has undertaken no action that has solved the repeated flooding of the Property, and the Property and Plaintiffs' home continue to be subject to flooding during rain events.

15. For example, on multiple occasions in the last two years, water was directed onto the Property by the Township's stormwater management system, infiltrating Plaintiffs' home located on the Property and causing significant damage to their living space, and damage and destruction to Plaintiffs' personal belongings.

16. Plaintiffs have had to incur significant cleanup costs as a result of the repeated flooding.

17. Plaintiffs have suffered damage to their personal property including to invaluable personal items due to the flooding.

18. Plaintiffs believe, and therefore aver, that mold conditions exist in their home as a result of the repeated flooding.

19. The Township has not exercised the requisite care with regard to the stormwater management system at and near Plaintiffs' Property, including its sewers, drains and pipes within the Easements, and has not sufficiently monitored, maintained or engaged in any other material operations to ensure that the stormwater management system is operating correctly.

20. The Township has been aware of the flooding issues and the defects in its stormwater management system for many years but has failed to remedy or correct the flaws in its stormwater management system, and has failed to adequately investigate and determine the cause of the flooding.

21. The Township's lack of oversight with regard to its stormwater management system, failure to undertake proper maintenance, and decisions to allow failures in the stormwater management system to persist over many years has caused and contributed, and continues to cause and contribute to the serious backup of stormwater that floods the Property and Plaintiffs' home during significant rain storms, causing them massive and repeated damage.

22. Defendant has not exercised the requisite care with regard to its respective stormwater management/retention systems at and near Plaintiffs' Property.

**COUNT I – NEGLIGENCE/DANGEROUS CONDITION**

23. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

4

24. The Township has a duty to properly design, maintain, inspect, repair and operate its stormwater management system in such a manner as to protect Plaintiffs from flooding and flood damage.

25. The Township has a duty to maintain, inspect, repair and operate its stormwater management systems, including its sewers, drains and pipes within the Easements at and near Plaintiff's Property, in such a manner so as not to artificially direct stormwater and/or floodwater toward the Property and/or cause, increase or endanger Plaintiffs and the Property with additional stormwater or flooding.

26. Notwithstanding its duty, the Township undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the risk of flooding to Plaintiffs and their Property by, among other things:

   (a) Failing to properly design its stormwater management system so as to avoid creating cumulative impacts of stormwater at or near the Property thus causing Plaintiffs damage;

   (b) Failing to maintain, operate, inspect, and/or repair its stormwater management system in such a manner as to reasonably protect Plaintiffs from the risk of stormwater collecting at the Property such as to cause flood damage;

   (c) Refusing to address and ignoring prior concerns and notice that stormwater was being diverted to the Property as a result of the stormwater management system with knowledge that it could cause future flooding events to the Property;

   (d) Failing to maintain the stormwater management system in a manner such that stormwater could accumulate at the Property and be unable to exit the area without causing damage to the Property;

   (e) Failing to investigate properly how the stormwater management system was designed to operate and/or was operating, such that a future risk of flooding was a likely future event.

27. In the aggregate, these actions and/or failures to act by the Township are the proximate cause of damages suffered by Plaintiffs, and will continue to cause damages to Plaintiffs in the future.

28. Further, as a direct and proximate cause of the actions and inactions of the Township, Plaintiffs suffered significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and causing them to suffer other economic and non-economic damages as a result therefrom.

29. The condition of the stormwater management system and/or the absence of a stormwater retention system are dangerous conditions that caused the damage to Plaintiffs' Property as set forth herein, and the Township's negligence caused the dangerous condition. Further, the Township had actual and constructive notice of the dangerous conditions well prior to the flood events that are the subject of this Complaint.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

### COUNT II – NUISANCE

30. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

31. The actions and inactions of the Township, as described and averred herein, caused the incursion of significant amounts of stormwater onto Plaintiffs' Property including the interior of their home.

32. The actions and inactions of the Township, as described and averred herein, caused unreasonable interference with Plaintiffs' reasonable use and enjoyment of their Property, including but not limited to their living spaces and to the outside of their Property, which continue to be repeatedly flooded with stormwater and other undesirable materials.

33. As a direct and proximate result of the Township's actions and inactions, as described and averred herein, Plaintiffs have suffered harm such as significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and have suffered other economic and non-economic damages as a result therefrom.

34. The inability to live peacefully in their home and maintain a quality of life and quiet enjoyment in their Property resulting from the actions and inactions of the Township, and the future probabilities of continued flooding have created a nuisance for which Plaintiffs have suffered as herein alleged.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

## COUNT III – TRESPASS

35. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

36. The Township's stormwater management system is owned by and was created for the benefit of the Township and its predecessors and successors in interest, including its sewers, drains and pipes within the Easements.

37. The Township controls the stormwater within its stormwater management system.

38. The stormwater management system was designed to artificially accumulate and direct water into the area of the Property.

39. The failure of the Township to design, manage or maintain any stormwater retention and/or diversion system has resulted in stormwater flowing directly to the area of the Property.

40. Such conduct (and non-conduct) by the Township has the effect of bringing stormwater to the Property during rain events.

41. But for the Township's conduct (and non-conduct) and the faulty stormwater management system, stormwater would not have entered and caused substantial damage to the Property.

42. The act of allowing stormwater to aggregate, accumulate, enter the Property and cause physical impact and damage to the Property is an act of trespass upon the Property owned by Plaintiffs.

43. As a direct and proximate result of the Township's acts of trespass as described and averred herein, Plaintiffs have suffered harm such as significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation

of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and have suffered other economic and non-economic damages as a result therefrom.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

## COUNT IV – INVERSE CONDEMNATION

44. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

45. The physical incursion of the stormwater controlled by the Township and directed toward the Property has the effect of permanently and substantially reducing the value of the Property.

46. The Township's conduct created a permanent physical and financial impact on the Property and, by directing stormwater to and onto the Property, the Township committed a taking of Plaintiffs' Property and in so doing, destroyed or substantially destroyed the beneficial use of the Property and adversely impacted the value of the Property.

47. The Township's conduct, at all times, was under the color of municipal and state law and the actions and inactions have, therefore, violated, among other things, the State Constitution of New Jersey, the Fifth Amendment of the United States Constitution and 42 U.S.C. §1983.

48.  The aforementioned conduct by the Township has effectively taken the Property from its owner without just compensation and as such, the Township's conduct constitutes an inverse condemnation or "taking".

49.  The taking of the Property by the Township has deprived Plaintiffs of the substantial use of the Property, has taken and deprived Plaintiffs of the substantial valuation of the Property and in so doing, has rendered the Property unmarketable.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, in an amount representing the full, fair market value of the Property on the date of the taking, attorneys' fees, costs and interest commensurate with their losses, along with punitive damages and other relief that the Court deems just and proper.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership

BY: /s/ *Jennifer Hiller Nimeroff*
JENNIFER HILLER NIMEROFF
*Attorneys for Plaintiffs*

Dated: October 22, 2022


### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiffs hereby designate Jennifer Hiller Nimeroff, Esquire as trial counsel for Plaintiffs in this civil action.


### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that to the best of his knowledge and belief, the matter in controversy in this litigation is not the subject of any other action pending in any other court or of a pending arbitration proceeding, nor is another other action or arbitration proceeding contemplated. I know of no other party that should be joined in this action or who is subject to joinder in this action. I recognize the continuing obligation of each party to file with the Court and serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

                                        WEIR GREENBLATT PIERCE LLP
                                        A Pennsylvania Limited Liability Partnership


                                        BY:/s/ *Jennifer Hiller Nimeroff*
                                        JENNIFER HILLER NIMEROFF
                                        *Attorneys for Plaintiffs*

Dated: October 22, 2022


## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(b)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

                                        BY:/s/ *Jennifer Hiller Nimeroff*
                                        JENNIFER HILLER NIMEROFF

Dated: October 22, 2022

## CERTIFICATION OF COMPLAINCE WITH R. 1:4-8

1. I am the attorney for Plaintiffs in this action.

2. I aver that the Complaint and all documents annexed thereto comport with the requirements of R. 1:4-8(a).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership


BY: /s/ *Jennifer Hiller Nimeroff*
JENNIFER HILLER NIMEROFF
*Attorneys for Plaintiffs*

Dated: October 22, 2022

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-005995-24

**Case Caption:** KRATOVIL JESSICA VS PISCATAWAY TOWNSHIP
**Case Initiation Date:** 10/22/2024
**Attorney Name:** JENNIFER LAUREN HILLER
**Firm Name:** WEIR GREENBLATT PIERCE LLP
**Address:** 35 KINGS HIGHWAY EAST SUITE 200 HADDONFIELD NJ 08033
**Phone:** 8564297750
**Name of Party:** PLAINTIFF : Kratovil, Jessica
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** INVERSE CONDEMNATION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Jessica Kratovil?** NO

**Are sexual abuse claims alleged by: Brian Kratovil?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/22/2024                                                                                          /s/ JENNIFER LAUREN HILLER
Dated                                                                                                                        Signed

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    OCTOBER 22, 2024
                        RE:      KRATOVIL JESSICA    VS PISCATAWAY TOWNSHIP
                        DOCKET:  MID L -005995 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON PATRICK BRADSHAW

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
AT:  (732) 645-4300 EXT 88905.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                  ATT: JENNIFER L. HILLER
                                  WEIR GREENBLATT PIERCE LLP
                                  35 KINGS HIGHWAY EAST
                                  SUITE 200
                                  HADDONFIELD       NJ 08033

ECOURTS
```