

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE, III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>
JAMES FOXEN^
SARAH K. DELAHANT+
ATHINA L. CORNELL+
JEFFREY R. MERLINO+
JENNIFER A. OSBORNE+
ANDREW J. GIBBS>
JARED S. SCHURE>

Of Counsel
STEPHEN R. KATZMAN#
ED THORNTON>
MICHAEL TRIFIOLIS>
BETH A. BOLGER+
PAUL E. GRIGGS>

*Counsel
ADAM M. CARMAN+^
SHAJI M. EAPEN+
JOSEPH C. FALK>
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
CHRISTINA MICHELSON+
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
STEVEN A. UNTERBURGER+

Associates
EDWARD D. DEMBLING>
KARISHMA DHRUVE>
MICHAEL R. EATROFF>
ERICA FRANCISCO-LAU+
FRANK J. KEENAN+^
SCOTT KETTERER>
ZURAB MAISURADZE>
JOHN M. MARTIN>
ANTHONY J. MANCUSO>
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
VITTORIA A. SCULCO>
SARAH E. SHEPP+
ALYCIA M. SWIFT+
TIFFANY D. TAGARELLI>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
(1942-2024)
MARC DEMBLING*+
(1944-2022)

* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≤Member of NJ, NY & CA Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New Jersey**

May 23, 2025

<u>VIA ECOURTS FILING</u>
Honorable Evelyn Padin, U.S.D.J.
Clerk, United States District Court - Newark
Martin Luther King Jr. Federal Building &
U.S. Courthouse 2 Federal Square
Newark, NJ 07101

RE: **JESSICA KRATOVIL AND BRIAN RAK VS. PISCATAWAY TOWNSHIP**
   Our File No.    : 95781 WSB
   Docket No.     : 2:24-CV-10661

Dear Judge Padin:

This firm serves as counsel to the Defendant, Piscataway Township, in the above matter. We have reviewed Plaintiff's Amended Complaint. Pursuant to Your Honor's judicial preferences, we submit this request for another pre-motion conference regarding Defendant's intention to proceed with their Motion to Dismiss Counts I, II and III of Plaintiff's Amended Complaint with prejudice for failure to comply with the notice requirements of the Tort Claims Act.

We wish to briefly supplement our previous submission to include two additional points of law related to the concept of "substantial compliance" in the context of tort claims notice, particularly as it relates to Plaintiffs' contention that their multiple communications with the Township dating back to 2020 collectively constitute substantial compliance.

2025 Lincoln Highway • Suite 200 • P.O. Box 3012 • Edison, NJ 08818 • (732) 248-4200 • FAX (732) 248-2355
112 West 34th Street • 17th Floor • New York, NY 10120 • (212) 947-1999 • FAX (212) 947-3332
One Liberty Place • 1650 Market St., 36th Floor • Philadelphia, PA 19103 • (215) 665-5622 • FAX (215) 665-5623
101 Federal Street • Suite 1900 • Boston, MA 02110 • (617) 204-5630 • FAX (617) 977-9398
www.njinslaw.com

First, the doctrine of substantial compliance is narrowly applied and only to cure technical deficiencies in otherwise timely and written notice. <u>D.D. v. Univ. of Med. & Dentistry of N.J.</u>, 213 N.J. 130, 159 (2013).  Here, there was no attempt to comply; instead Plaintiffs are simply attempting to circle back to try to cobble together a Tort Claims notice from past communications, the majority of which occurred more than two years prior to the filing of the original Complaint and thus would be related to time-barred claims.

Second, the New Jersey Supreme Court in <u>H.C. Equities, LP v. County of Union</u>, specifically held that a plaintiff's multiple, discrete communications – sent at different times and to different recipients – is inconsistent with the design of the notice requirements of the Tort Claims Act and thus cannot arise to substantial compliance. 247 N.J. 366 (2021) The Court observed that a ruling that multiple documents can collectively constitute effective notice of a tort claim invites the very confusion that the Act was intended to avoid. <u>Id.</u> at 387.  This would be particularly so in the within matter where, again, most of the cobbled-together communications occurred more than two years prior to the suit filing.

We look forward to discussing these matters.

                                               Respectfully submitted,

                                               **METHFESSEL & WERBEL, ESQS.**

                                               William S. Bloom
                                               bloom@methwerb.com
                                               Ext. 167

WSB:KDH

cc: <u>VIA EMAIL: jhiller@wgpllp.com</u>
    Jennifer Hiller Nimeroff, Esq.
    Weir Greenblatt Pierce LLP
    35 Kings Highway East
    Haddonfield, NJ 08033