

LAW OFFICES
# WEIR LLP

A Pennsylvania Limited Liability Partnership

The Widener Building, Fifth Floor
1339 Chestnut Street, Philadelphia, Pennsylvania 19107
WEIRLAWLLP.COM

Jennifer Hiller Nimeroff  
Member of PA and NJ Bars

Direct Dial (215) 241-7757  
E-mail: jhiller@weirlawllp.com

May 30, 2025

<u>*Via CM/ECF*</u>  
Honorable Evelyn Padin, U.S.D.J.  
United States District Court  
Martin Luther King Jr. Federal Building & U.S. Courthouse  
50 Walnut Street  
Newark, NJ 07102

   Re: Jessica Kratovil and Brian Rak v. Piscataway Township  
     Docket No. 2:24-cv-10661

Dear Judge Padin:

  This law firm represents the Plaintiffs, Jessica Kratovil and Brian Rak. Kindly accept Plaintiffs' response to the May 23, 2025 pre-motion letter submitted by Defendant, Piscataway Township (the "Township").

  As directed by the Court, Plaintiffs filed an Amended Complaint detailing the communications they had with the Township regarding the flooding on their property and the damages sustained. The Township now alleges that despite these communications, Plaintiffs have not substantially complied with the notice requirements of the New Jersey Tort Claims Act (the "Act").

  The doctrine of substantial compliance alleviates the hardship and unjust consequences which attend technical defects of otherwise valid claims where there is no prejudice to the public entity. *Anske v. Borough of Palisade Park,* 139 N.J. Super. 342, 354 A.2d 87 (App. Div. 1976). Substantial compliance exists where notification has been given in a way that substantially satisfies the purposes of the Act. *Lebron v. Sanchez*, 407 N.J. Super. 204, 215-16 (App. Div. 2009); *Lameiro v. West New York Bd. of Ed.,* 136 N.J. Super. 585, 347 A.2d 377 (Law Div. 1975); *D'Eustachio v. Beverly,* 177 N.J. Super. 566, 427 A.2d 126 (Law Div. 1979) (finding claimant's letter was in substantial compliance with the statute and constituted notice under the Act where the letter claimed "extensive damages" and merely indicated that several horses were injured). In determining substantial compliance, a court considers the following factors: (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute. *Lebron,* 407 N.J. Super. at 216.

The Township has suffered no prejudice from receiving Plaintiffs' written notifications (as detailed in the Amended Complaint), as opposed to receiving a completed form titled "Notice of Tort Claim", as it is evident the Plaintiffs' notifications were received, reviewed and considered, and forwarded onto counsel for the Township for additional consideration and response. There is no question that Plaintiffs attempted to comply with the Act. Prior to the commencement of this lawsuit Plaintiffs provided written notice to the Township that their property was flooding, suffering from erosion, and that they had suffered downed trees. Plaintiffs, either on their own behalf or through counsel, made contact with the Township seven (7) times about flooding occurrences; on several occasions, Plaintiffs demanded the Township repair its drainage easement, reimburse Plaintiffs for the removal of fallen trees, and Plaintiffs threatened litigation. The Township was notified of the identity of the claimants, their addresses, the nature and scope of the flooding events giving rise to their claims, and a general description of the damage or loss incurred (so far as it was known at the time). *See D'Eustachio, supra.* The other factors are also easily satisfied.

The Township cites the case of *D.D. v. Univ. of Med. & Dentistry of N.J.,* 213 N.J. 130 (2013), for the proposition that the doctrine of substantial compliance is narrowly applied and only used to cure technical deficiencies in an otherwise timely and written notice. The issue in *D.D.* was whether the doctrine of substantial compliance can serve to relieve a claimant of the requirement that the public entity be informed of the claim *in writing. Id.* at 159. The Court, finding in the negative, concluded that the doctrine of substantial compliance applies to those situations in which the notice, although both timely and in writing, has technical deficiencies that did not deprive the public entity of the effective notice contemplated by the Act. *Id.* at 159-160. We have that situation here; Plaintiffs timely notified the Township, in writing, of the flooding events they were experiencing, explained the issues, explained the damages and set forth Plaintiffs' demands. *See, e.g., Lebron, supra.* (concluding that notice that identified plaintiff and her attorney, set forth date and description of incident, listed injuries and demanded damages, but that did not specifically assert legal theory of negligent supervision substantially complied); *Henderson v. Herman,* 373 N.J. Super. 625, 633 (App. Div. 2004) (holding that notice of claim against police dispatch and emergency transport personnel that failed to include names of specific dispatchers substantially complied); *Tuckey v. Harleysville Ins. Co.,* 236 N.J. Super. 221, 225, (App. Div. 1989) (concluding that public entity was sufficiently apprised of particulars of accident and claim to substantially comply with statutory notice provision).

The Township also cites the case *H.C. Equities, LP v. County of Union,* 247 N.J. 366 (2021) for the proposition that multiple communications, *i.e.,* a collection of letters, does not constitute substantial compliance with the notice requirement of the Act. But the underlying facts of *H.C. Equities* are distinguishable from the facts underlying the instant matter and, therefore, the holding is not determinative. *H.C. Equities* involved a set of three (3) letters, sent by the plaintiff's attorney to attorneys representing the defendant public entities – not to the public entities themselves – at different times, which letters the Court determined to be "incomplete communications" that failed to communicate the core information that a claimant must provide to a public entity in advance of filing a tort claim. *Id.* at 371, 387. In contrast, here, all communications except one (1) were

Honorable Evelyn Padin, U.S.D.J.
May 30, 2025
Page 3

between Plaintiff, or its counsel, and the Township/Director of Public Works. In other words, they were direct communication with the public entity. Here, since the case at bar involves a continuing tort, it is understandable that there would be multiple notifications, at different times. Lastly, the *H.C. Equities* Court analyzed the letters against the five factors set forth in *Lebron,* finding *none* of the factors to favor substantial compliance, which is not the case here. All the factors favor substantial compliance.

   Plaintiffs' multiple communications to the Township allowed for the Township to conduct a timely investigation and protected the Township's access to current information about the occurrence(s) giving rise to their claim. Plaintiffs afforded the Township several opportunities short of litigation to correct the condition giving rise to their claim. The facts and evidence establish that Plaintiffs have substantially complied with the requirements of the Act and that the Township was on notice of Plaintiffs' claim. It is disingenuous for the Township to now argue lack of notice when the Township's attorney was involved in responding to Plaintiffs' claim.

              Respectfully submitted,

              Jennifer Hiller Nimeroff, Esquire
              Robert D. Sokolove, Esquire, *pro hac vice*

JHN/
cc: William S. Bloom, Esquire (*via* ECF/CM)