EXHIBIT  A

RECEIVED

2024 OCT 25 P 1:34

TOWNSHIP OF PISCATAWAY
TOWNSHIP CLERK'S OFFICE

WEIR GREENBLATT PIERCE, LLP
A Pennsylvania Limited Liability Partnership
By: Jennifer Hiller Nimeroff, Esquire
(ID# 037241995)
35 Kings Highway East
Haddonfield, New Jersey 08033
(856) 429-7750
(856) 427-0360 (fax)
jhiller@wgpllp.com

Attorneys for Plaintiffs

|  |  |  |
|---|---|---|
| JESSICA KRATOVIL | : | SUPERIOR COURT OF NEW JERSEY |
| and BRIAN RAK | : | LAW DIVISION |
| 1247 Brookside Road | : | MIDDLESEX COUNTY |
| Piscataway, NJ 08854 | : |  |
|  | : | DOCKET NO.: 005995-24 |
| Plaintiffs | : |  |
|  | : | CIVIL ACTION |
| v. | : |  |
|  | : | **SUMMONS** |
| PISCATAWAY TOWNSHIP | : |  |
| 455 Hoes Lane | : |  |
| Piscataway, NJ 08854 | : |  |
|  | : |  |
| Defendant. | : |  |

From The State of New Jersey To The Defendant(s) Named Above:
    **Piscataway Township**

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) **If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.** A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

RECEIVED

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
Michelle M. Smith
Clerk of the Superior Court

DATED:   October 24, 2024

Name of Defendant to be Served:        **Piscataway Township**
Address of Defendant to be Served:      **455 Hoes Lane**
                                        **Piscataway, NJ 08854**



# New Jersey Judiciary
## Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | |
|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |

| Attorney/Pro Se Name | | Telephone Number | County of Venue |
|---|---|---|---|
| Jennifer Hiller Nimeroff, Esquire | | 856-429-7750    ext. | Middlesex |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Weir Greenblatt Pierce LLP | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 35 Kings Highway East | Haddonfield | NJ | 08033 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ☒ Yes    ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Jessica Kratovil and Brian Rak | Jessica Kratovil and Brian Rak v. Piscataway Township |

| Case Type Number (See page 3 for listing)    617/699 | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ☒ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☒ No |
| Is this a professional malpractice case? If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. | ☐ Yes | ☒ No |
| Related Cases Pending? If "Yes," list docket numbers | ☐ Yes | ☒ No |
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☒ No |
| Name of defendant's primary insurance company (if known) | ☐ None | ☒ Unknown |

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?　　☐ Yes　　☒ No
If "Yes," is that relationship:
☐ Employer/Employee　　☐ Friend/Neighbor　　☐ Familial　　☐ Business
☐ Other (explain) _____

Does the statute governing this case provide for payment of fees　　☒ Yes　　☐ No
by the losing party?　　N.J.S.A. 20:3-26(c)

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Do you or your client need any disability accommodations?　　☐ Yes　　☒ No
　　If yes, please identify the requested accommodation:

Will an interpreter be needed?　　☐ Yes　　☒ No
　　If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership
By: Jennifer Hiller Nimeroff, Esquire (Id. No.0272241995)
35 Kings Highway East
Haddonfield, New Jersey 08033
(856) 429-7750
(856) 427-0360 (fax)
jhiller@wgpllp.com                                    *Attorneys for Plaintiffs*

| | | |
|---|---|---|
| JESSICA KRATOVIL | : | SUPERIOR COURT OF NEW JERSEY |
| and BRIAN RAK | : | LAW DIVISION |
| 1247 Brookside Road | : | MIDDLESEX COUNTY |
| Piscataway, NJ 08854 | : | |
| | : | DOCKET NO.: |
| Plaintiffs | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | **COMPLAINT** |
| PISCATAWAY TOWNSHIP | : | |
| 455 Hoes Lane | : | |
| Piscataway, NJ 08854 | : | |
| | : | |
| Defendant. | : | |

Plaintiffs, Jessica Kratovil and Brian Rak, by and through their counsel, Weir Greenblatt Pierce LLP, file this Complaint against Piscataway Township arising from flooding conditions which have resulted in a dangerous condition, nuisance, trespass and taking of the real property, and aver as follows:

## PARTIES AND VENUE

1.      Plaintiffs, Jessica Kratovil and Brian Rak are adult individuals who, at all relevant times hereto, own and reside at the property located at 1247 Brookside Road, Piscataway, New Jersey 08854 (the "Property").

1

2.     Defendant, Piscataway Township (the "Township"), is a municipality located within the County of Middlesex and the State of New Jersey, with its municipal offices located at 455 Hoes Lane, Piscataway, New Jersey 08854.

3.     Venue is appropriate in the Superior Court, Law Division under R. 4:3-1(a)(5) as the action primarily seeks monetary relief and does not involve probate or family law matters, among others.

4.     Venue is appropriate in Middlesex County under R. 4:3-2, as this action involves damages to real property located in Middlesex County, Plaintiffs' causes of action arose in Middlesex County, and the Township is located in Middlesex County.

<u>BACKGROUND</u>

5.     The Township is a governmental entity whose responsibilities are, among other things, to maintain a stormwater management system within its jurisdictional boundaries and in such a manner as to protect its citizens from flooding.

6.     Likewise, the Township is required to meet and maintain certain standards consistent with its own stormwater management guidelines, those of the County of Middlesex, the State of New Jersey, and by its own ordinances mandated by the Federal Emergency Management Agency ("FEMA").

7.     At all times material hereto, the Township authorized, procured, owned, operated, controlled, and maintained the stormwater management system at and near the Property, including through sewers, drains and pipes within sanitary sewer and drainage easements (together the "Easements"), in a dangerous condition as described herein.

8.     Due to the Township's faulty and dangerous stormwater management system, including through its inadequately sized, pitched and/or maintained sewers, drains and pipes within

the Easements, when there is a significant rain event, the Township's stormwater management system overflows and the Property floods.

9.    On repeated occasions, flood waters have entered the Plaintiffs' home located on the Property.

10.    The Township has taken no steps to retain the stormwater, or taken any other steps to manage, slow or prevent the stormwater from flowing onto the Plaintiffs' Property.

11.    Likewise, the Township has taken no steps to address its inadequately sized, pitched and/or maintained sewers, drains and pipes within the Easements to manage, slow or prevent the stormwater from flowing onto the Plaintiffs' Property.

12.    There have been numerous flood events which have occurred over the years, including within the two years preceding the commencement of this civil action.

13.    During that period, the Property has suffered repeated and extreme damage from the flooding caused by the Township's stormwater management system, including significant soil erosion and downed trees.

14.    The Township is aware of the flooding issues, but has undertaken no action that has solved the repeated flooding of the Property, and the Property and Plaintiffs' home continue to be subject to flooding during rain events.

15.    For example, on multiple occasions in the last two years, water was directed onto the Property by the Township's stormwater management system, infiltrating Plaintiffs' home located on the Property and causing significant damage to their living space, and damage and destruction to Plaintiffs' personal belongings.

16.    Plaintiffs have had to incur significant cleanup costs as a result of the repeated flooding.

17.     Plaintiffs have suffered damage to their personal property including to invaluable personal items due to the flooding.

18.     Plaintiffs believe, and therefore aver, that mold conditions exist in their home as a result of the repeated flooding.

19.     The Township has not exercised the requisite care with regard to the stormwater management system at and near Plaintiffs' Property, including its sewers, drains and pipes within the Easements, and has not sufficiently monitored, maintained or engaged in any other material operations to ensure that the stormwater management system is operating correctly.

20.     The Township has been aware of the flooding issues and the defects in its stormwater management system for many years but has failed to remedy or correct the flaws in its stormwater management system, and has failed to adequately investigate and determine the cause of the flooding.

21.     The Township's lack of oversight with regard to its stormwater management system, failure to undertake proper maintenance, and decisions to allow failures in the stormwater management system to persist over many years has caused and contributed, and continues to cause and contribute to the serious backup of stormwater that floods the Property and Plaintiffs' home during significant rain storms, causing them massive and repeated damage.

22.     Defendant has not exercised the requisite care with regard to its respective stormwater management/retention systems at and near Plaintiffs' Property.

## COUNT I – NEGLIGENCE/DANGEROUS CONDITION

23.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

4

24.     The Township has a duty to properly design, maintain, inspect, repair and operate its stormwater management system in such a manner as to protect Plaintiffs from flooding and flood damage.

25.     The Township has a duty to maintain, inspect, repair and operate its stormwater management systems, including its sewers, drains and pipes within the Easements at and near Plaintiff's Property, in such a manner so as not to artificially direct stormwater and/or floodwater toward the Property and/or cause, increase or endanger Plaintiffs and the Property with additional stormwater or flooding.

26.     Notwithstanding its duty, the Township undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the risk of flooding to Plaintiffs and their Property by, among other things:

   (a)     Failing to properly design its stormwater management system so as to avoid creating cumulative impacts of stormwater at or near the Property thus causing Plaintiffs damage;

   (b)     Failing to maintain, operate, inspect, and/or repair its stormwater management system in such a manner as to reasonably protect Plaintiffs from the risk of stormwater collecting at the Property such as to cause flood damage;

   (c)     Refusing to address and ignoring prior concerns and notice that stormwater was being diverted to the Property as a result of the stormwater management system with knowledge that it could cause future flooding events to the Property;

   (d)     Failing to maintain the stormwater management system in a manner such that stormwater could accumulate at the Property and be unable to exit the area without causing damage to the Property;

   (e)     Failing to investigate properly how the stormwater management system was designed to operate and/or was operating, such that a future risk of flooding was a likely future event.

27.    In the aggregate, these actions and/or failures to act by the Township are the proximate cause of damages suffered by Plaintiffs, and will continue to cause damages to Plaintiffs in the future.

28.    Further, as a direct and proximate cause of the actions and inactions of the Township, Plaintiffs suffered significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and causing them to suffer other economic and non-economic damages as a result therefrom.

29.    The condition of the stormwater management system and/or the absence of a stormwater retention system are dangerous conditions that caused the damage to Plaintiffs' Property as set forth herein, and the Township's negligence caused the dangerous condition. Further, the Township had actual and constructive notice of the dangerous conditions well prior to the flood events that are the subject of this Complaint.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

### COUNT II – NUISANCE

30.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

6

31. The actions and inactions of the Township, as described and averred herein, caused the incursion of significant amounts of stormwater onto Plaintiffs' Property including the interior of their home.

32. The actions and inactions of the Township, as described and averred herein, caused unreasonable interference with Plaintiffs' reasonable use and enjoyment of their Property, including but not limited to their living spaces and to the outside of their Property, which continue to be repeatedly flooded with stormwater and other undesirable materials.

33. As a direct and proximate result of the Township's actions and inactions, as described and averred herein, Plaintiffs have suffered harm such as significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and have suffered other economic and non-economic damages as a result therefrom.

34. The inability to live peacefully in their home and maintain a quality of life and quiet enjoyment in their Property resulting from the actions and inactions of the Township, and the future probabilities of continued flooding have created a nuisance for which Plaintiffs have suffered as herein alleged.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

7

## COUNT III – TRESPASS

35.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

36.    The Township's stormwater management system is owned by and was created for the benefit of the Township and its predecessors and successors in interest, including its sewers, drains and pipes within the Easements.

37.    The Township controls the stormwater within its stormwater management system.

38.    The stormwater management system was designed to artificially accumulate and direct water into the area of the Property.

39.    The failure of the Township to design, manage or maintain any stormwater retention and/or diversion system has resulted in stormwater flowing directly to the area of the Property.

40.    Such conduct (and non-conduct) by the Township has the effect of bringing stormwater to the Property during rain events.

41.    But for the Township's conduct (and non-conduct) and the faulty stormwater management system, stormwater would not have entered and caused substantial damage to the Property.

42.    The act of allowing stormwater to aggregate, accumulate, enter the Property and cause physical impact and damage to the Property is an act of trespass upon the Property owned by Plaintiffs.

43.    As a direct and proximate result of the Township's acts of trespass as described and averred herein, Plaintiffs have suffered harm such as significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation

8

of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and have suffered other economic and non-economic damages as a result therefrom.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

## COUNT IV – INVERSE CONDEMNATION

44.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

45.     The physical incursion of the stormwater controlled by the Township and directed toward the Property has the effect of permanently and substantially reducing the value of the Property.

46.     The Township's conduct created a permanent physical and financial impact on the Property and, by directing stormwater to and onto the Property, the Township committed a taking of Plaintiffs' Property and in so doing, destroyed or substantially destroyed the beneficial use of the Property and adversely impacted the value of the Property.

47.     The Township's conduct, at all times, was under the color of municipal and state law and the actions and inactions have, therefore, violated, among other things, the State Constitution of New Jersey, the Fifth Amendment of the United States Constitution and 42 U.S.C. §1983.

9

48.     The aforementioned conduct by the Township has effectively taken the Property from its owner without just compensation and as such, the Township's conduct constitutes an inverse condemnation or "taking".

49.     The taking of the Property by the Township has deprived Plaintiffs of the substantial use of the Property, has taken and deprived Plaintiffs of the substantial valuation of the Property and in so doing, has rendered the Property unmarketable.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, in an amount representing the full, fair market value of the Property on the date of the taking, attorneys' fees, costs and interest commensurate with their losses, along with punitive damages and other relief that the Court deems just and proper.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership


BY:/s/ *Jennifer Hiller Nimeroff*_____
        JENNIFER HILLER NIMEROFF
        *Attorneys for Plaintiffs*

Dated: October 22, 2022


## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiffs hereby designate Jennifer Hiller Nimeroff, Esquire as trial counsel for Plaintiffs in this civil action.


## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

**CERTIFICATION PURSUANT TO R. 4:5-1**

The undersigned hereby certifies that to the best of his knowledge and belief, the matter in controversy in this litigation is not the subject of any other action pending in any other court or of a pending arbitration proceeding, nor is another other action or arbitration proceeding contemplated. I know of no other party that should be joined in this action or who is subject to joinder in this action. I recognize the continuing obligation of each party to file with the Court and serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership

BY:/s/ *Jennifer Hiller Nimeroff*
    JENNIFER HILLER NIMEROFF
    *Attorneys for Plaintiffs*

Dated: October 22, 2022

**CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(b)**

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

BY:/s/ *Jennifer Hiller Nimeroff*
    JENNIFER HILLER NIMEROFF

Dated: October 22, 2022

11

## <u>CERTIFICATION OF COMPLAINCE WITH R. 1:4-8</u>

1. I am the attorney for Plaintiffs in this action.

2. I aver that the Complaint and all documents annexed thereto comport with the requirements of R. 1:4-8(a).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership

BY: _/s/ Jennifer Hiller Nimeroff_
    JENNIFER HILLER NIMEROFF
    _Attorneys for Plaintiffs_

Dated: October 22, 2022

12

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-005995-24**

**Case Caption:** KRATOVIL JESSICA  VS PISCATAWAY TOWNSHIP

**Case Initiation Date:** 10/22/2024

**Attorney Name:** JENNIFER LAUREN HILLER

**Firm Name:** WEIR GREENBLATT PIERCE LLP

**Address:** 35 KINGS HIGHWAY EAST SUITE 200
HADDONFIELD NJ 08033

**Phone:** 8564297750

**Name of Party:** PLAINTIFF : Kratovil, Jessica

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** INVERSE CONDEMNATION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Jessica Kratovil?** NO

**Are sexual abuse claims alleged by: Brian Kratovil?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>10/22/2024</u>
Dated

/s/ JENNIFER LAUREN HILLER
Signed

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   OCTOBER 22, 2024
                    RE:     KRATOVIL JESSICA   VS PISCATAWAY TOWNSHIP
                    DOCKET: MID L -005995 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON PATRICK BRADSHAW

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
AT:  (732) 645-4300 EXT 88905.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: JENNIFER L. HILLER
                              WEIR GREENBLATT PIERCE LLP
                              35 KINGS HIGHWAY EAST
                              SUITE 200
                              HADDONFIELD      NJ 08033


ECOURTS
```

EXHIBIT  B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JESSICA KRATOVIL AND BRIAN RAK  :
                                          :
                  Plaintiffs          :      CIVIL ACTION
                                            :
                    v.              :      NO. 2:24-cv-10661
                                            :
PISCATAWAY TOWNSHIP             :
                                          :      **AMENDED COMPLAINT**
                    Defendant        :
                                            :

Plaintiffs, Jessica Kratovil and Brian Rak, by and through their counsel, Weir LLP, a Pennsylvania limited liability partnership (formerly Weir Greenblatt Pierce LLP), file this Amended Complaint against Piscataway Township arising from flooding conditions which have resulted in a dangerous condition, nuisance, trespass and taking of the real property, and aver as follows:

<u>PARTIES, JURISDICTION AND VENUE</u>

1.     Plaintiffs, Jessica Kratovil and Brian Rak are adult individuals who, at all relevant times hereto, own and reside at the property located at 1247 Brookside Road, Piscataway, New Jersey 08854 (the "Property").

2.     Defendant, Piscataway Township (the "Township"), is a municipality located within the County of Middlesex and the State of New Jersey, with its municipal offices located at 455 Hoes Lane, Piscataway, New Jersey 08854.

3.     This Court has subject matter jurisdiction over Plaintiffs' federal claim under 28 U.S.C. § 1331.

4.     The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) inasmuch as such claims are so related to the federal claim herein pleaded that

1

they form part of the same case or controversy for purposes of Article III of the United States Constitution.

5. This Court has personal jurisdiction over defendant because it resides in the State of New Jersey, transacts business in the State of New Jersey and/or has caused harm or tortious injury to Plaintiffs by an act or omission in the State of New Jersey.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) in that the defendant resides in this judicial district, is a resident of the State of New Jersey and because a substantial part of the events or omissions giving rise to the claims occurred in this District, as further alleged below.

<u>BACKGROUND</u>

7. The Township is a governmental entity whose responsibilities are, among other things, to maintain a stormwater management system within its jurisdictional boundaries and in such a manner as to protect its citizens from flooding.

8. Likewise, the Township is required to meet and maintain certain standards consistent with its own stormwater management guidelines, those of the County of Middlesex, the State of New Jersey, and by its own ordinances mandated by the Federal Emergency Management Agency ("FEMA").

9. At all times material hereto, the Township authorized, procured, owned, operated, controlled, and maintained the stormwater management system at and near the Property, including through sewers, drains and pipes within sanitary sewer and drainage easements (together the "Easements"), in a dangerous condition as described herein.

10. Due to the Township's faulty and dangerous stormwater management system, including through its inadequately sized, pitched and/or maintained sewers, drains and pipes within

the Easements, when there is a significant rain event, the Township's stormwater management system overflows and the Property floods.

11.     On repeated occasions, flood waters have entered the ductwork situated in the slab of Plaintiffs' foundation, Plaintiffs' garage and Plaintiffs' shed located on the Property.

12.     The Township has taken no steps to retain the stormwater, or taken any other steps to manage, slow or prevent the stormwater from flowing onto the Plaintiffs' Property.

13.     Likewise, the Township has taken no steps to address its inadequately sized, pitched and/or maintained sewers, drains and pipes within the Easements to manage, slow or prevent the stormwater from flowing onto the Plaintiffs' Property.

14.     There have been numerous flood events which have occurred over the years, including within the two years preceding the commencement of this civil action.

15.     During that period, the Property has suffered repeated and extreme damage from the flooding caused by the Township's stormwater management system, including significant soil erosion and downed trees.

16.     The Township is aware of the flooding issues, but has undertaken no action that has solved the repeated flooding of the Property, and the Property and Plaintiffs' home continue to be subject to flooding during rain events.

17.     For example, on multiple occasions in the last two years, water was directed onto the Property by the Township's stormwater management system, infiltrating Plaintiffs' garage and shed located on the Property, causing significant damage and destruction to Plaintiffs' personal belongings.

18.     Plaintiffs have had to incur significant cleanup costs as a result of the repeated flooding.

19.     Plaintiffs have suffered damage to their personal property including to invaluable personal items due to the flooding.

20.     Plaintiffs believe, and therefore aver, that mold conditions may exist in their home as a result of the repeated flooding.

21.     The Township has not exercised the requisite care with regard to the stormwater management system at and near Plaintiffs' Property, including its sewers, drains and pipes within the Easements, and has not sufficiently monitored, maintained or engaged in any other material operations to ensure that the stormwater management system is operating correctly.

22.     The Township has been aware of the flooding issues and the defects in its stormwater management system for many years but has failed to remedy or correct the flaws in its stormwater management system, and has failed to adequately investigate and determine the cause of the flooding.

23.     The Township's lack of oversight with regard to its stormwater management system, failure to undertake proper maintenance, and decisions to allow failures in the stormwater management system to persist over many years has caused and contributed, and continues to cause and contribute to the serious backup of stormwater that floods the Property and Plaintiffs' ductwork, garage and shed during significant rain storms, causing them massive and repeated damage.

24.     Defendant has not exercised the requisite care with regard to its respective stormwater management/retention systems at and near Plaintiffs' Property.

NOTICE TO THE TOWNSHIP

25.     In or about July of 2020, Plaintiffs first notified the Township of the flooding issue caused by what they surmised was deficient drainage in the stream on their property (in which the

4

Township owns a 30 foot wide sanitary sewage easement and a 10 foot wide drainage easement (the previously defined "Easements"). *See* email communications involving Plaintiff, Brian Rak, and various individuals from the NJ Department of Environmental Protection and the Township of Piscataway, July 22, 2020 – December 30, 2020, a true and correct copy of which is attached hereto, made a part hereof and incorporated herein by reference as Exhibit "A", at page 3 of 7.

26.     The Township purportedly attempted to address Plaintiffs' concerns by removing a log from the stream situated on Plaintiffs' Property, which had been laying in the stream for several years prior to the commencement of the flooding issues. *Id.*

27.     On September 3, 2020, Plaintiffs notified the Director of Public Works (the "Director") for the Township, via email, of more flooding in Plaintiffs' yard during a recent rain event. *Id.* at pages 3-4 of 7.

28.     The following day, the Director responded to Plaintiffs, via email. The Township explained how it was allegedly restricted from performing any work in the stream. *Id.* at page 4 of 7.

29.     In December of 2020, Plaintiffs again reached out to the Director, via email, to complain about erosion from the flooding and two trees that had fallen over. *Id.* at page 5 of 7.

30.     The Township explained, via mail, that although it owned the two easements within the stream, it did not own the channel containing the stream and, therefore, allegedly, it had no responsibility to address any issues within the stream. The Township declined to involve itself with the issues involving "natural resources." *Id.* at page 6 of 7.

31.     On January 11, 2021, Jeffrey Malatesta, Esquire ("Attorney Malatesta"), on behalf of Plaintiffs, sent a written demand to the Township for repair and maintenance of its drainage easement. That letter expressly notified the Township that its failure to comply may result in the

filing of a lawsuit against the Township. A true and correct copy of the January 11, 2021 demand letter is attached hereto, made a part hereof and incorporated herein by reference as Exhibit "B".

32.    The Township's attorney, Rajvir S. Goomer, Esquire ("Attorney Goomer"), responded by letter on March 11, 2021, explaining that the Township has no responsibility and would not be taking any action to assist Plaintiffs. A true and correct copy of the March 11, 2021 letter is attached hereto, made a part hereof and incorporated herein by reference as Exhibit "C".

33.    On May 18, 2021, Attorney Malatesta responded to Attorney Goomer, taking exception to the Township's view of its responsibilities, demanding reimbursement to Plaintiffs for expenses related to the removal of the fallen trees in the amount of $2,825.56 and, again, requesting the Township to address the ongoing flooding issue at and near Plaintiffs' Property. A true and correct copy of the May 18, 2021 demand letter is attached hereto, made a part hereof and incorporated herein by reference as Exhibit "D".

34.    The Township did not respond.

35.    Given the absence of any concern on the part of the Township and its unsatisfactory responses to Plaintiffs' plea, Plaintiffs retained an engineer to conduct a drainage evaluation and prepare a drainage study to determine the probable cause of the flooding.

36.    Plaintiffs retained new counsel and, on June 21, 2024, their new counsel, Weir LLP, issued a letter to the Director explaining that an engineer had performed a drainage study and that it concluded: (a) that the 48 inch pipe on the property is inadequate for the capacity of stormwater being directed to it, resulting in the area surrounding it to become inundated; (b) that a portion of the 48 inch pipe is back pitched (sloped opposite to the flow of water); and (c) the current stormwater drainage system can handle only 14% (approximately) of the estimated flow of a 25-year storm. Weir LLP explained of the dangerous condition affecting Plaintiffs' property, that Plaintiffs disputed the conclusions reached by the Township, and that possibly, actions on the part

of the Township could be taken to address the flooding issues. Counsel requested a meeting to discuss formulation and implementation of a plan of action. A true and correct copy of the June 21, 2024 letter is attached hereto, made a part hereof and incorporated herein by reference as Exhibit "E".

37.     After the passage of nearly a month without a response, on July 15, 2024, Weir LLP wrote the following to the Director:

> Having received no response to [our June 21, 2024] letter leads us to conclude that the Township of Piscataway is not interested in having a discussion, in implementing a plan of action, or in resolving [Plaintiffs'] drainage/flooding issues but, instead, would prefer to litigate. While not the result [Plaintiffs] were hoping for, they are not adverse to seeking court intervention. Should we be misconstruing the Township's silence, please let us hear from you by Monday, July 22, 2024.

A true and correct copy of the July 15, 2024 letter is attached hereto, made a part hereof and incorporated herein by reference as Exhibit "F".

38.     No meaningful response was received by Plaintiffs or Weir LLP to the July 15, 2024 letter.

39.     On October 22, 2024, Plaintiffs commenced this action against the Township.

40.     By providing the oral and written notices as detailed above, Plaintiffs have substantially complied and, therefore, satisfied the notice requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3.

### COUNT I – NEGLIGENCE/DANGEROUS CONDITION

41.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

42.     The Township has a duty to properly design, maintain, inspect, repair and operate its stormwater management system in such a manner as to protect Plaintiffs from flooding and flood damage.

7

43.     The Township has a duty to maintain, inspect, repair and operate its stormwater management systems, including its sewers, drains and pipes within the Easements at and near Plaintiff's Property, in such a manner so as not to artificially direct stormwater and/or floodwater toward the Property and/or cause, increase or endanger Plaintiffs and the Property with additional stormwater or flooding.

44.     Notwithstanding its duty, the Township undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the risk of flooding to Plaintiffs and their Property by, among other things:

(a)     Failing to properly design its stormwater management system so as to avoid creating cumulative impacts of stormwater at or near the Property thus causing Plaintiffs damage;

(b)     Failing to maintain, operate, inspect, and/or repair its stormwater management system in such a manner as to reasonably protect Plaintiffs from the risk of stormwater collecting at the Property such as to cause flood damage;

(c)     Refusing to address and ignoring prior concerns and notice that stormwater was being diverted to the Property as a result of the stormwater management system with knowledge that it could cause future flooding events to the Property;

(d)     Failing to maintain the stormwater management system in a manner such that stormwater could accumulate at the Property and be unable to exit the area without causing damage to the Property;

(e)     Failing to investigate properly how the stormwater management system was designed to operate and/or was operating, such that a future risk of flooding was a likely future event.

45.     In the aggregate, these actions and/or failures to act by the Township are the proximate cause of damages suffered by Plaintiffs, and will continue to cause damages to Plaintiffs in the future.

46.     Further, as a direct and proximate cause of the actions and inactions of the Township, Plaintiffs suffered significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and causing them to suffer other economic and non-economic damages as a result therefrom.

47.     The condition of the stormwater management system and/or the absence of a stormwater retention system are dangerous conditions that caused the damage to Plaintiffs' Property as set forth herein, and the Township's negligence caused the dangerous condition. Further, the Township had actual and constructive notice of the dangerous conditions well prior to the flood events that are the subject of this Complaint.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

## COUNT II – NUISANCE

48.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

49.     The actions and inactions of the Township, as described and averred herein, caused the incursion of significant amounts of stormwater onto Plaintiffs' Property including the interior of their home.

50.     The actions and inactions of the Township, as described and averred herein, caused unreasonable interference with Plaintiffs' reasonable use and enjoyment of their Property,

including but not limited to their living spaces and to the outside of their Property, which continue to be repeatedly flooded with stormwater and other undesirable materials.

51.     As a direct and proximate result of the Township's actions and inactions, as described and averred herein, Plaintiffs have suffered harm such as significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and have suffered other economic and non-economic damages as a result therefrom.

52.     The inability to live peacefully in their home and maintain a quality of life and quiet enjoyment in their Property resulting from the actions and inactions of the Township, and the future probabilities of continued flooding have created a nuisance for which Plaintiffs have suffered as herein alleged.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

## COUNT III – TRESPASS

53.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

54.     The Township's stormwater management system is owned by and was created for the benefit of the Township and its predecessors and successors in interest, including its sewers, drains and pipes within the Easements.

55.     The Township controls the stormwater within its stormwater management system.

56.     The stormwater management system was designed to artificially accumulate and direct water into the area of the Property.

57.     The failure of the Township to design, manage or maintain any stormwater retention and/or diversion system has resulted in stormwater flowing directly to the area of the Property.

58.     Such conduct (and non-conduct) by the Township has the effect of bringing stormwater to the Property during rain events.

59.     But for the Township's conduct (and non-conduct) and the faulty stormwater management system, stormwater would not have entered and caused substantial damage to the Property.

60.     The act of allowing stormwater to aggregate, accumulate, enter the Property and cause physical impact and damage to the Property is an act of trespass upon the Property owned by Plaintiffs.

61.     As a direct and proximate result of the Township's acts of trespass as described and averred herein, Plaintiffs have suffered harm such as significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township, and have suffered other economic and non-economic damages as a result therefrom.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

11

## COUNT IV – INVERSE CONDEMNATION

62.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

63.     The physical incursion of the stormwater controlled by the Township and directed toward the Property has the effect of permanently and substantially reducing the value of the Property.

64.     The Township's conduct created a permanent physical and financial impact on the Property and, by directing stormwater to and onto the Property, the Township committed a taking of Plaintiffs' Property and in so doing, destroyed or substantially destroyed the beneficial use of the Property and adversely impacted the value of the Property.

65.     The Township's conduct, at all times, was under the color of municipal and state law and the actions and inactions have, therefore, violated, among other things, the State Constitution of New Jersey, the Fifth Amendment of the United States Constitution and 42 U.S.C. §1983.

66.     The aforementioned conduct by the Township has effectively taken the Property from its owner without just compensation and as such, the Township's conduct constitutes an inverse condemnation or "taking".

67.     The taking of the Property by the Township has deprived Plaintiffs of the substantial use of the Property, has taken and deprived Plaintiffs of the substantial valuation of the Property and in so doing, has rendered the Property unmarketable.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Piscataway Township, in an amount representing the full, fair market value of the Property on the

date of the taking, attorneys' fees, costs and interest commensurate with their losses, along with

punitive damages and other relief that the Court deems just and proper.

WEIR LLP
A Pennsylvania Limited Liability Partnership


BY: /s/ *Jennifer Hiller Nimeroff*
      JENNIFER HILLER NIMEROFF
      *Attorneys for Plaintiffs*

Dated: May 21, 2025

# EXHIBIT "A"

 Gmail

Brian Rak <dn@devicenull.org>

## Flooding due to drainage easment
10 messages

**Brian Rak** <dn@devicenull.org>                                     Wed, Jul 22, 2020 at 7:10 PM
To: DWQ-BNPC-StormwaterManagement@dep.nj.gov

Hi,
We have a drainage easement on our property (1247 Brookside Rd, Piscataway). During heavy rainfall, this backs up and ends up flooding our yard and has started to flood parts of our house.

I'm not sure if this is a state, county, or town level issue. Can you provide me with any insight as to who I should be talking to to remedy this?

Today's storm was so severe that we ended up with 3-4 inches of water going across the roadway. I suspect this is because the underground drainage pipes are too small to deal with the volume of water.

I've attached a few pictures, I hope you can help!

Thanks,
Brian Rak

---

**3 attachments**


**2020-07-22 19.00.24.jpg**
339K


**2020-07-22 19.00.58.jpg**
417K



**2020-07-22 18.59.13.jpg**
462K

---

**Washington, Anthony** <Anthony.Washington@dep.nj.gov>                Mon, Jul 27, 2020 at 12:31 PM
To: "dn@devicenull.org" <dn@devicenull.org>
Cc: "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>

Good Day Mr. Rak,

Have you talked to your local municipal officials regarding this issue yet?
If so, who and when and what was their response?
If not, I will find a local contact for you.


Thank you,
Anthony Washington, Environmental Specialist
New Jersey Department of Environmental Protection
Division of Water Quality
Bureau of Non-point Pollution Control
401 E. State Street
Mail Code 401-02B, PO Box 420
Trenton, NJ  08625-0420
609-633-7021

---

**Subject:** FW: [EXTERNAL] Flooding due to drainage easment

Anthony,

Here is another one.

SPC Guy Gaspari (732) 562-2390 ggaspari@piscatawaynj.org

**From:** DEP DWQ-BNPC-StormwaterManagement <DWQ-BNPC-StormwaterManagement@dep.nj.gov>
**Sent:** Monday, July 27, 2020 11:08 AM
**Subject:** Fw: [EXTERNAL] Flooding due to drainage easment

Here's another flooding complaint, maintenance issues along with too much rain???

---

[Quoted text hidden]

---

**3 attachments**



**2020-07-22 19.00.24.jpg**
339K



**2020-07-22 19.00.58.jpg**
417K

 **2020-07-22 18.59.13.jpg**
462K

---

**Brian Rak** <dn@devicenull.org>                                      Tue, Jul 28, 2020 at 4:56 PM
To: "Washington, Anthony" <Anthony.Washington@dep.nj.gov>
Cc: "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>

Thanks for the response.  We talked to the Piscataway Department of Public Works.  They came out and removed a fairly
large log from under the street.

We're not entirely sure if this was the cause... that log had been sitting in the easement for at least 5 years and was only
dislodged when the water got very high during the storm on the 26th.

[Quoted text hidden]

---

**Washington, Anthony** <Anthony.Washington@dep.nj.gov>              Wed, Jul 29, 2020 at 10:13 AM
To: Brian Rak <dn@devicenull.org>
Cc: "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>

You're welcome. Please keep us aware of any changes, positive or negative.

---

**From:** Brian Rak <dn@devicenull.org>
**Sent:** Tuesday, July 28, 2020 4:56 PM
**To:** Washington, Anthony <Anthony.Washington@dep.nj.gov>
**Cc:** Boyer, Stephen <Stephen.Boyer@dep.nj.gov>
**Subject:** Re: Fw: [EXTERNAL] Flooding due to drainage easment

[Quoted text hidden]

---

**Brian Rak** <dn@devicenull.org>                                      Thu, Sep 3, 2020 at 9:02 PM
To: "Washington, Anthony" <Anthony.Washington@dep.nj.gov>
Cc: "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>, ggaspari@piscatawaynj.org

We had some more flooding of the yard during the storms tonight, although it wasn't as bad as last time.  We had not seen any flooding since July before today.

[Quoted text hidden]

---

**3 attachments**



**2020-09-03 20.51.41.jpg**
1227K



**2020-09-03 20.52.40.jpg**
1283K

 **2020-09-03 20.52.06.jpg**
1425K

---

**Guy Gaspari** <ggaspari@piscatawaynj.org>                    Fri, Sep 4, 2020 at 9:58 AM
To: Brian Rak <dn@devicenull.org>, "Washington, Anthony" <Anthony.Washington@dep.nj.gov>
Cc: "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>

Mr. Rak, Mr. Washington,

This stream is a tributary to the Ambrose Brook and would be regulated by the NJDEP.   Any work proposed in the stream would require a General permit 25— Minor channel or stream cleaning for local government agencies.  This permit is still very restrictive and does not permit changing the profile of the stream or removing trees along its banks or slope and; heavy equipment is not permitted. It alows minor cleaning of debris. The excessive rain that we have had this summer is compromising the capacity of this stream. Generally a river, stream or brook goes through a process during a rainstorm where depending on the amount of rainfall these waterways will crest, i.e. reach their highest levels and then as the rainfall dissipates they will slowly drain to their normal levels. Depending on the volume and intensity of rain this could take a day or two at times.  Unfortunately, with all the consecutive rainfall events that we are experiencing, this stream most likely is not reaching its normal level before another rain event occurs creating a backup of stormwater. It is unlikely that we can do anything unless we could control weather patterns. We can check for any large obstruction compromising the flow and see if we can remove it within the parameters of NJDEP regulations.



**Guy Gaspari**
Director
Public Works

Phone: (732) 562-2395

ggaspari@PISCATAWAYNJ.ORG

 

**From:** Brian Rak [mailto:dn@devicenull.org]
**Sent:** Thursday, September 03, 2020 9:03 PM
**To:** Washington, Anthony
**Cc:** Boyer, Stephen; Guy Gaspari

[Quoted text hidden]

[Quoted text hidden]

---

**Brian Rak** <dn@devicenull.org>                                      Fri, Dec 25, 2020 at 11:30 AM
To: Guy Gaspari <ggaspari@piscatawaynj.org>, hhinterstein@piscatawaynj.org
Cc: "Washington, Anthony" <Anthony.Washington@dep.nj.gov>, "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>

A combination of yesterday's winds, erosion from the flooding, and the amount of rainfall we got yesterday resulted in two of the trees within this easement falling over.  Whose responsibility is it to remove this hazard?

Who do I need to talk to about making changes to remedy the flooding and erosion that we're seeing?

[Quoted text hidden]

---

**2 attachments**

 **2020-12-25 09.02.01.jpg**
2894K

 **2020-12-25 11.12.18.jpg**
3623K

---

**Washington, Anthony** <Anthony.Washington@dep.nj.gov>                  Mon, Dec 28, 2020 at 3:36 PM
To: Brian Rak <dn@devicenull.org>, Guy Gaspari <ggaspari@piscatawaynj.org>, "hhinterstein@piscatawaynj.org" <hhinterstein@piscatawaynj.org>
Cc: "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>, "Kempel, Nancy" <Nancy.Kempel@dep.nj.gov>, "Orpen, Donald" <Donald.Orpen@dep.nj.gov>

Received.

I'll have to review my emails around this ongoing complaint, share with my coworkers, and reply tomorrow.

Happy Holidays,
Anthony

---

**From:** Brian Rak <dn@devicenull.org>
**Sent:** Friday, December 25, 2020 11:30 AM
**To:** Guy Gaspari <ggaspari@piscatawaynj.org>; hhinterstein@piscatawaynj.org <hhinterstein@piscatawaynj.org>
**Cc:** Washington, Anthony <Anthony.Washington@dep.nj.gov>; Boyer, Stephen <Stephen.Boyer@dep.nj.gov>

[Quoted text hidden]

[Quoted text hidden]

---

**Guy Gaspari** <ggaspari@piscatawaynj.org>                               Tue, Dec 29, 2020 at 7:19 AM
To: "Washington, Anthony" <Anthony.Washington@dep.nj.gov>, Brian Rak <dn@devicenull.org>, Henry Hinterstein <hhinterstein@piscatawaynj.org>
Cc: "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>, "Kempel, Nancy" <Nancy.Kempel@dep.nj.gov>, "Orpen, Donald" <Donald.Orpen@dep.nj.gov>

Anthony,

We will investgate this issue and see if we can remove any debris within NJDEP parameters.



**Guy Gaspari**
Director
Public Works

Phone: (732) 562-2395

ggaspari@PISCATAWAYNJ.ORG



---

**From:** Washington, Anthony [mailto:Anthony.Washington@dep.nj.gov]
**Sent:** Monday, December 28, 2020 3:37 PM
**To:** Brian Rak; Guy Gaspari; Henry Hinterstein
**Cc:** Boyer, Stephen; Kempel, Nancy; Orpen, Donald
[Quoted text hidden]

[Quoted text hidden]

---

**2 attachments**

   **Facebook_ca016c28-3121-4ccf-a1c8-df4d7c72502411111.png**
1K

   **Twitter_5bd3d799-8a42-4756-b15b-e41237910f6d11111.png**
1K

---

Guy Gaspari <ggaspari@piscatawaynj.org>                    Wed, Dec 30, 2020 at 2:53 PM
To: Brian Rak <dn@devicenull.com>, Henry Hinterstein <hhinterstein@piscatawaynj.org>
Cc: "Washington, Anthony" <Anthony.Washington@dep.nj.gov>, "Boyer, Stephen" <Stephen.Boyer@dep.nj.gov>, James
Ferratti <jferratti@piscatawaynj.org>

Mr. Rak,

We were able to look at the trees that you presented in your photos. Just so you are fully informed, the Township has a 30 feet wide sanitary sewer easement and a 10 feet wide drainage easement along the stream. The open drainage easement extends approximately 125 feet from the edge of Brookside Road into the stream. The piped sanitary sewer easement runs along the stream and extends to Johanna Court. The drainage easement is for the purpose of maintaining unobstructed flow through the culvert under Brookside Road and the sanitary sewer easement is for maintenance of the sanitary sewer pipe when needed. They give the Township the authority to enter the easement areas on private property to perform necessary work that carries out the purposes of the easements. The Township does not own any of the property within that stream so everything within your property lines outside of the Township responsibilities I set forth would be your responsibility to maintain. It is unfortunate that your property is adjacent to a stream that by its nature meanders creating accretion in some areas and erosion in others. The Township has many small brooks and streams that run adjacent to or behind private properties similar to your property. Unless the Township owns the channel containing the stream it has no responsibility to address any issues within it unless there is an easement that permits the Township to enter and address the purpose of that easement. Where streams or brooks have not easements the Township will not involve itself with the issues that are a product of such natural resources. You can make the effort to stabilize the stream bank at your own expense but it is a process requiring NJDEP approval with related engineering and construction costs.

**Guy Gaspari**
Director
Public Works

Phone: (732) 562-2395

ggaspari@PISCATAWAYNJ.ORG





---

**From:** Brian Rak [mailto:dn@devicenull.org]
**Sent:** Friday, December 25, 2020 11:31 AM
**To:** Guy Gaspari; Henry Hinterstein
**Cc:** Washington, Anthony; Boyer, Stephen
[Quoted text hidden]

[Quoted text hidden]

---

**2 attachments**

**Facebook_ca016c28-3121-4ccf-a1c8-df4d7c72502411111.png**
1K

**Twitter_5bd3d799-8a42-4756-b15b-e41237910f6d11111.png**
1K

# EXHIBIT "B"



**Mattleman, Weinroth & Miller, P.C.**
ATTORNEYS-AT-LAW

401 Route 70 East, Suite 100 - Cherry Hill, New Jersey 08034
Tel: 856.429.9790  -  Fax: 856.429.0610

Jeffrey A. Malatesta, Esquire
Member of the New Jersey Bar

Our File #:  NJ-A4W-C2F

January 11, 2021

_**VIA FIRST CLASS MAIL & Via Email – ggaspari@piscatawaynj.org**_
Piscataway Township
Attn:  Legal Counsel
455 Hoes Lane
Piscataway, NJ 08854

Re:  **DEMAND FOR MAINTENANCE OF DRAINAGE EASEMENT**
**Homeowner:        Brian Rak & Jessica Kratovil**
**Property Address:   1247 Brookside Rd., Piscataway, NJ 08854**

Dear Madam or Sir:

Please be advised that I have been contacted by homeowners, Brian Rak and Jessica Kratovil.  ("Homeowners").  Please forward this letter to legal counsel.  <u>This letter is a demand that the Township of Piscataway take all actions necessary to maintain the easement upon the above referenced property.</u>

The Township of Piscataway, as dominant tenement, has the rights use and responsibility to maintain, a sewer drain easement on the above referenced property.  The conveyance of the easement, identifies the Township of Piscataway as the party with the duty to maintain that easement.  **(Easement & Survey Enclosed)**

The sewer drain has been 'backing up' and flooding the Homeowners' property and the structures thereon. The property is also suffering from soil erosion.  **(Pictures Enclosed)** The damage is extreme.  Recently, two (2) large trees have fallen over as a result of thw Township's failure to maintain the easement.

I am in receipt of an email from Mr. Guy Gaspari of the Township of Piscataway, which indicates the Township of Piscataway has refused to maintain the easement.  Upon my review of the pictures, survey and easement, it certainly appears that the Township of Piscataway has the duty to maintain the easement, and failure to do so, is causing damage to the above referenced property. I understand that the Homeowners have already filed a complaint with the NJDEP.

Regardless, of the NJDEP complaint, this letter is a demand that the Township of Piscataway repair and maintain the easement, including the tees within that have fallen over

401 Route 70 East
Suite 100
Cherry Hill, New Jersey 08034
856-429-9790

317 George Street
Suite 320
New Brunswick, NJ 08901
856-429-9790

1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-923-2225

200 Continental Drive
Suite 215
Newark, Delaware 19713
302-658-0200

and/or are in danger of falling over.  It is demanded that the Township of Piscataway notify the homeowners in writing within thirty (30) days that they will repair and maintain the easement.  Failure to do may result in the filing of a lawsuit against the Township of Piscataway.

Should you have any questions regarding the content of this letter, you may respond to our offices in writing to the address above.  Please include the intake number [NJ-A4W-C2F] on any correspondence. Should you wish to speak with me, please call 856-298-4223.  You will need to provide the intake number when you call so that the matter may be properly routed to me.

Very truly yours,

JAM/ab
Cc:  Brian Rak and Jessica Kratovil
Encs.

Jeffrey A. Malatesta
For the Firm



2

# EXHIBIT "C"

**HOAGLAND
LONGO
MORAN, DUNST
& DOUKAS, LLP**

**ATTORNEYS at LAW**

40 Paterson Street
New Brunswick, NJ 08901
Tel: (732) 545-4717  Fax: (732) 545-4579
www.hoaglandlongo.com

Rajvir S. Goomer
Partner
rgoomer@hoaglandlongo.com

March 11, 2021

**_VIA CERTIFIED/RR & REGULAR MAIL_**
Brian Rak & Jessica Kratovil
1247 Brookside Road
Piscataway, NJ 08854

> **Re:**   **1247 Brookside Road, Piscataway, NJ 08854**
> Our File No.:   5922494 - MJB

Dear Mr. Rak & Ms. Kratovil:

As you are probably aware, my firm serves as the Township Attorney for the Township of Piscataway (the "Township"). We are in receipt of your letter dated January 11, 2021 that was sent to our client. I reached out to your counsel in January and received a call back a few weeks ago. Your counsel indicated that he did not currently represent you and to respond to his correspondence directly to you.

After reviewing the sanitary sewer easement associated with your property, it is clear that the Township's duty of maintenance is limited to the sewer itself, and does not include maintenance of your land. The language contained in the sanitary sewer easement regarding maintenance is as follows;

P410 "…construct and **maintain a sanitary sewer**, together with necessary manholes and other parts and equipment…"

P411 "…perpetual right to enter upon said lands and premises for the purpose maintaining, inspecting, repairing, cleaning, constructing and rebuilding **said sewer**."

P411 "…the [township] shall also make good all damage to grantors' parcel of land… on each occasion when said land shall be disturbed in **the repair of maintenance of said sanitary sewer … or in performing any work thereon**."

The Township's only duty is to repair any damage it may do when servicing the sanitary sewer line, essentially bringing it back to the condition it was at prior to any necessary digging.

Further, in regard to storm water drainage from your property, as you have indicated is an issue you have experienced, a few years ago, the Township replaced a culvert, to your benefit. Said culvert was expanded from the prior culvert to help increase drainage in an attempt to alleviate the natural flooding, in accordance with the DEP. The Township has recently inspected the culvert as courtesy to you and the Township shall continue to maintain said culvert, but the condition that is affecting your property is a result of natural runoff and it is not the result of any action taken by the Township. Accordingly, the Township does not have the responsibility of repairing your land. Further, the Township does not have any authority without DEP approval and oversight to make any further changes to the drainage on your property and the culverts associated with said runoff.

Feel free to contact me if you have any questions. I look forward to a swift and amicable resolution of this matter.

Very truly yours,

RAJVIR S. GOOMER

RSG:snp

# EXHIBIT "D"



### Mattleman, Weinroth & Miller, P.C.
#### ATTORNEYS-AT-LAW

401 Route 70 East, Suite 100 • Cherry Hill, New Jersey 08034
Tel: 856.429.5507 • Fax: 856.429.9036
www.mwm-law.com

**Colleen Bianco Bezich**
Direct Dial:  856-298-4267
Email: cbezich@mwm-law.com
Member of NJ and PA Bar

Our File #: 17941.22408

May 18, 2021

***VIA CERTIFIED RR & REGULAR MAIL***
Hoagland, Longo, Moran, Dunst & Doukas, LLP
Attorneys at Law
40 Paterson Street
New Brunswick, NJ 08901
Attn: Rajvir S. Goomer

Re:     1247 Brookside Road, Piscataway, NJ 08854
        Your File No: 5922494 - MJB

Dear Mr. Goomer,

Please be advised that this office represents Jessica Kratovil and Brian Rak, the owners of 1247 Brookside Road, Piscataway, NJ 08854 (the "Property").  I am in receipt of your letter dated March 11, 2021 (the "March 11th Correspondence") and offer the below in reply.

All of the references contained in the March 11th Correspondence address the purpose of the easement, which is not in dispute.  The issue here is responsibility, and importantly, liability, for maintenance and subsequent damage.  The position that the Township could and would continue to benefit from a perpetual easement on the Property (the "Easement") without having any duty to maintain the Easement area itself, is not supported by express language of the Easement, or the law.  In fact, it is not supported by the Township's own past actions, including the installation and/or maintenance of a culvert.

In general, the beneficiary of an easement, not the owner of the burdened property, is obligated to maintain the easement, unless otherwise required by the easement or other agreement, or unless the easement is jointly utilized for the same purposes.  Poblette v. Towne of Historic Smithville Community Ass'n, Inc., 355 N.J.Super. 55, 67 (App.Div.2002); Island Improvement Ass'n v. Ford, 155 N.J.Super. 571, 574–75 (App.Div.1978); Braun v. Township of Mantua, 270 N.J.Super. 404, 408 (Law Div.1993).

---

401 Route 70 East
Suite 100
Cherry Hill, New Jersey 08034
856-429-5507

1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-923-2225

200 Continental Drive
Suite 215
Newark, Delaware 19713
302-731-8349

In the instant matter, there is no express provision in the Easement requiring my clients to maintain the entire Easement area itself, nor do the parties utilize or benefit from the Easement for the same purpose(s).

Repeated flooding has caused damage to the Easement area, including several downed and/or dead trees, which have created more hazardous conditions and threaten not only the entire Property, but also the municipal infrastructure thereon. Physical injury to both persons & property are likely to occur if not properly addressed in an expeditious manner.

My clients wish to resolve this matter amicably and are simply asking for the municipality to perform its lawful obligation to maintain the Easement area, whether in the form of performing the actual maintenance itself and/or reimbursing my clients for same. **To date, Ms. Kratovil & Mr. Rak have spent Two Thousand Eight Hundred Twenty-Five Dollars and Fifty-Six Cents ($2,825.56) to remove dead trees from the easement area. Accordingly, my clients hereby demand reimbursement for same in full within thirty (30) calendar days.**

Please also accept this communication as formal request to address the ongoing flooding issue by engaging in good faith negotiations and memorializing the rights and obligations of the parties so as to prevent future misunderstandings and/or litigation.

The courtesy of your reply is requested on or before May 31, 2021.  I look forward to your response and thank you in advance for your consideration.

Very truly yours,

Colleen Bianco Bezich
For the Firm

CBB/ls

2

# EXHIBIT "E"



1339 CHESTNUT STREET • SUITE 500

PHILADELPHIA, PA 19107

(215) 665-8181

(215) 665-8464 FAX

WGPLLP.com

Robert D. Sokolove
Direct Dial (215) 241-7706

Also member of DC and MD Bars
E-mail: rsokolove@wgpllp.com

June 21, 2024

Guy Gaspari, Director of Public Works
Piscataway Township
455 Hoes Lane
Piscataway, NJ 08854

      Re:    Drainage Issues
               1247 Brookside Road, Piscataway, NJ 08854

Dear Mr. Gaspari:

This law firm represents homeowners Jessica Kratovil and Brian Rak (the "Homeowners"). The purpose of this letter is request a meeting to discuss the flooding issues plaguing the Homeowners' property situated at 1247 Brookside Road, Piscataway, NJ (the "Property") and what can be done to address them.

As you are aware from the Homeowners' emails to you dating as far back as 2020, and attorney letters to Piscataway Township (the "Township") in 2021, the Property has been and continues to be flooded with stormwater. The Township's response to the Homeowners' plea for assistance back in 2020 was to explain that, unfortunately, the Property is adjacent to a meandering stream and that the Homeowners could stabilize the stream bank at their own expense, subject to NJDEP approval. The Township explained that its hands were basically tied, in any event, because the stream adjacent to the Property is tributary of the Ambrose Brook and is regulated by the NJDEP, thus allowing only minor cleaning of debris by the Township that may be obstructing the stream. The Township's attorneys reported that the condition affecting the Property is the result of natural runoff and not as a result of any action taken by the Township. The Township's attorneys added that the Township did not have any responsibility to repair the Homeowners' land and that even if it wanted to, the Township would need both DEP approval and oversight to make any changes to the drainage on the Property and the culverts associated with the runoff.

Since receipt of these (unsatisfactory) communications and the absence of any concern on the part of the Township or desire to assist the Homeowners, they sought the expertise of professional engineers to conduct a drainage evaluation and  prepare a drainage study to determine the probable cause of the flooding. The engineers reached several conclusions, including that the 48 inch reinforced concrete pipe on the Property is inadequate for the capacity of stormwater being directed to it, resulting in the area surrounding it to become inundated.

Mr. Guy Gaspari
June 21, 2024
Page 2


Further contributing to the issue is that a portion of the 48-inch pipe is back pitched (sloped in the direction opposite to the flow of water). The engineers also concluded that the current stormwater drainage system can handle only 14% (approximately) of the estimated flow of a 25-year storm.

All this is to say that the Homeowners emphatically dispute the conclusions reached by the Township as to the cause of the flooding and believe that actions on the part of the Township and/or the NJDEP can be taken to address the flooding issues on the Property. It is time to sit down and implement a plan of action.

As an aside, clients of ours recently faced a similar flood/drainage situation in the borough of Haddonfield, New Jersey. There, like here, the town claimed that they were not responsible for the flooding and did nothing to address the situation for years. They refused to resolve the issue, our clients were forced to sue, and they were recently awarded a jury verdict in the amount of $22 Million. I trust that we can avoid litigation and not have the Township face this same ordeal.

I look forward to hearing from you as to your availability to meet.

Very truly yours,

ROBERT D. SOKOLOVE

RDS/lmo
cc:     Rajvir S. Goomer, Township Attorney
        Ms. Kratovil and Mr. Rak

# EXHIBIT "F"



1339 CHESTNUT STREET • SUITE 500

PHILADELPHIA, PA 19107

(215) 665-8181

(215) 665-8464 FAX

WGPLLP.com

Robert D. Sokolove                                         Also member of DC and MD Bars
Direct Dial (215) 241-7706                                 E-mail:  rsokolove@wgpllp.com

July 15, 2024

Guy Gaspari, Director of Public Works
Piscataway Township
455 Hoes Lane
Piscataway, NJ 08854

     Re:    Drainage Issues
           1247 Brookside Road, Piscataway, NJ 08854

Dear Mr. Gaspari:

    Several weeks have passed since my letter to you dated June 21, 2024. Having received no response to the letter leads us to conclude that the Township of Piscataway is not interested in having a discussion, in implementing a plan of action, or in resolving the Homeowners' drainage/flooding issues but, instead, would prefer to litigate. While not the result the Homeowners were hoping for, they are not adverse to seeking court intervention. Should we be misconstruing the Township's silence, please let us hear from you by Monday, July 22, 2024.

    Thank you.

Very truly yours,

ROBERT D. SOKOLOVE

RDS/lmo
cc:    Rajvir S. Goomer, Township Attorney
       Ms. Kratovil and Mr. Rak

EXHIBIT  C

## SPECIFIC RESPONSES TO INTERROGATORIES

1.      To the extent that plaintiff is able to identify any specific date(s) of instances that the Township's stormwater management system allegedly overflowed resulting in plaintiff's property being flooded, set forth the date of each and the nature, scope and location of flooding.

**RESPONSE:** The Township's stormwater management system started failing following the Township's construction in the road adjacent to Plaintiffs' property in April of 2016. Since then, the Township's stormwater management system has overflowed on several occasions, including but not limited to, May 30, 2019, July 17, 2020, July 22, 2020, July 31, 2020, August 13, 2020, September 3, 2020, June 4, 2021, July 29, 2021, August 10, 2021, August 27, 2021, September 1, 2021, October 26, 2021, and July 4, 2023.

2.      To the extent that there are any instances that the Township's stormwater management system allegedly overflowed resulting in plaintiff's property being flooded that plaintiff cannot specifically identify by date, set forth the general timeframe of the first flooding incident, the most recent incident, and then the number and frequency of incidents in between.

**RESPONSE:** The Township's stormwater management system started failing following the Township's construction in the road adjacent to Plaintiffs' property in April of 2016. Since then, the Township's stormwater management system has overflowed on several occasions, including but not limited to, May 30, 2019, July 17, 2020, July 22, 2020, July 31, 2020, August 13, 2020, September 3, 2020, June 4, 2021, July 29, 2021, August 10, 2021, August 27, 2021, September 1, 2021, October 26, 2021, and July 4, 2023.

3.      With regard to #2 above, as to each and every instance of flooding, set forth the nature, scope, and location of flooding. To extent, plaintiffs cannot for each and every individual instance, set forth the general nature, scope, and location of flooding occurring in these events.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. This Interrogatory is also vague and ambiguous as phrased. This Interrogatory is also objectionable to the extent it requires specialized knowledge or training in order to respond. Plaintiffs' expert will assist in describing the nature, scope, location and cause of the flooding and, therefore, Plaintiffs reserve the right to have their expert address this Interrogatory. Subject to and without waiving these objections, Plaintiffs respond as follows: In general, stormwater enters Plaintiffs' property from the rear, through a large pipe into a stream. The stormwater in the stream flows toward the front of Plaintiffs' property, to a pipe that is smaller than the pipe through which the stormwater enters. The stormwater backs-up, the stream becomes inundated and stormwater overflows into Plaintiffs' backyard and, on occasion, driveway. As a result of the water pressure and flow, a whirlpool is created in Plaintiffs' backyard and the stormwater floods Plaintiffs' shed.

4.      Set forth any and all steps that plaintiffs have taken to mitigate the flooding from occurring.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not

3

reasonably limited in time or scope. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs notified both the Township and the Department of Environmental Protection about the flooding on their Property. Plaintiffs removed the trees that fell due to the erosion caused by the flooding.

5.     Set forth any and all steps that plaintiffs have taken to mitigate damages from the flooding.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs remove their vehicles from their driveway when rain events are expected and they have raised off the floor of their shed the items that are being stored in the shed.

6.     Set forth any and all activities that plaintiffs or anyone on their behalf which have in any way altered the grading of the property.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs have not altered the grading of their property, nor has anyone altered the grading of Plaintiffs' property on their behalf. For obvious safety reasons, Plaintiffs have filled artificially created depressions that have formed in their backyard, but again, they have not altered the grading of their property in any way.

7.     State the names and address of all persons who have knowledge of any relevant facts relating to the case.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs are unable to identify all persons who have knowledge of any relevant facts relating to this case; however, upon information and belief, persons with such knowledge include but are not limited to Plaintiffs, Plaintiffs' attorneys and experts, and various employees of the Township and the DEP to whom Plaintiffs have complained. Also, Plaintiffs direct the Township to the documents produced by the parties in discovery, which may contain the names and addresses of persons having knowledge of facts relevant to this case. Plaintiffs' investigation is ongoing and continuing and Plaintiffs reserve the right to supplement this response.

8.     Have plaintiffs hired any engineer or other contractor to evaluate the flooding issue. If so, set forth the name(s) and address(es) and date(s).

**RESPONSE:** Yes, plaintiffs hired Partner Engineering and Science, Inc. to conduct a drainage evaluation. The evaluation was conducted in or about October/November of 2021.

9.    Do plaintiffs claim that defendant conducted any activity which altered the flow of water on the property. If so, set forth each and every activity.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. This Interrogatory is also objectionable to the extent it requires specialized knowledge or training in order to respond. Plaintiffs' expert will assist in describing the nature, scope, location and cause of the flooding and, therefore, Plaintiffs reserve the right to have their expert address this Interrogatory. Subject to and without waiving these objections, Plaintiffs respond as follows: In addition to Plaintiffs' experts' conclusions, Plaintiffs believe that the Township's construction in the road adjacent to Plaintiffs' property in April of 2016 altered and/or impacted the flow of water on their property.

10.    Set forth the complete basis for plaintiffs' claim that the value of the property has been permanently and substantially reduced.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. This Interrogatory is objectionable to the extent it seeks information protected by the attorney-client privilege and/or Attorney Work Product doctrine. This Interrogatory is also objectionable to the extent it requires specialized knowledge or training in order to respond. Plaintiffs' expert will assist in describing the basis for their claim that the value of their property has been permanently and substantially reduced and, therefore, Plaintiffs reserve the right to have their expert address this Interrogatory. Subject to and without waiving these objections, Plaintiffs respond as follows: On July 3, 2023, New Jersey passed the Flood Discloser Law which, effective as of March 20, 2024, requires all sellers of real property in New Jersey to disclose specific information regarding a property's flood risk. See e.g. N.J.S.A. 56:8-19.2, N.J.S.A. 46:8-50 and Property Condition Disclosure Statement. As a result, Plaintiffs are required to disclose the flooding of their property to all prospective purchasers thus significantly impacting the marketability of the property.

11.    What is the present approximate value of the property.

**RESPONSE:** Objection. This Interrogatory is vague and ambiguous as phrased. This Interrogatory is also objectionable to the extent it requires specialized knowledge or training in order to respond. Subject to and without waiving these objections, Plaintiffs respond as follows: But for the flooding, the present approximate value of the property is $500,000.00.

12.    Have plaintiffs ever put the property up for sale. If so, set forth the date(s) and real estate agent, if any.

**RESPONSE:** No.

13.    Have plaintiffs ever consulted with a real estate agent for purposes of considering putting the property up for sale.

**RESPONSE:** No, Plaintiffs have not consulted with a real estate agent for that purpose. However, Plaintiffs and/or their legal representatives have consulted with a real estate expert witness, whose conclusions will be provided in accordance with the Federal Rules of Civil Procedure and any applicable Court Order.

14.    Itemize all economic damages incurred as a result of the alleged flooding.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. This Interrogatory is also vague and ambiguous as phrased. Subject to and without waiving these objections, Plaintiffs respond as follows: In addition to losing the value of their home, Plaintiffs have incurred costs related to the flooding, including but not limited to, tree removal, retention of engineer, retention of attorneys. Plaintiffs' investigation is ongoing and continuing and Plaintiffs reserve the right to supplement this response.

15.    State (a) the name and address of any person, including any person or party answering these interrogatories who has made a statement regarding this lawsuit or the subject matter of this lawsuit (b) whether the statement was oral or in writing; (c) the date the statement was made; (d) the name and address of the person to whom the statement was made; (e) the name and address of each person present when the statement was made; and (f) the name and address of each person who has knowledge of the statement.

Unless subject to a claim of privilege, which must be specified: (g) attach a copy of the statement, if it is in writing; (h) if the statement was oral, state whether a recording was made and, if so, set forth the nature of the recording and the name and address of the person who had custody of it; and (i) if the statement was oral and no recording was made, provide a detailed summary of its contents.

**RESPONSE:** Objection. This Interrogatory is objectionable to the extent it seeks a legal conclusion. This Interrogatory is also vague and ambiguous as phrased, and overly broad and unduly burdensome in that it requests the identification of all statements and all details concerning them. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs are unable to identify all statements regarding this lawsuit or the subject matter of this lawsuit; however, Plaintiffs direct the Township to the documents produced by the parties in discovery, which may contain statements regarding this lawsuit or the subject matter of this lawsuit. Plaintiffs' investigation is ongoing and continuing and Plaintiffs reserve the right to supplement this response.

16.    State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses.

With respect to all expert witnesses, including treating physicians, who are expected to testify at trial, and with respect to any person who has conducted an examination pursuant to Rule 4:1, state

each such witness's name, address and area of expertise and attach a true coy of all written reports provided to you.

State the subject matter on which you experts are expected to testify.

State the substance of the facts and opinions to which your experts are expected to testify and provide a summary of the factual ground for each opinion.

**RESPONSE:** Objection. This Interrogatory is overly broad and unduly burdensome. This Interrogatory is objectionable to the extent it exceeds the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs have not yet determined the identity of the expert witnesses they expect to call at trial. When such determination has been made, and in accordance with any Scheduling Order entered in this case and the Federal Rules of Civil Procedure, Plaintiffs will supplement this response.

17.    Set forth in detail plaintiff's basis for asserting that the Township's stormwater management system is in a dangerous condition.

**RESPONSE:** Objection. This Interrogatory is objectionable to the extent it seeks a legal conclusion, or requires specialized knowledge or training in order to respond. Plaintiffs' expert will assist in explaining the basis for Plaintiffs' assertion that the Township's stormwater management system is in a dangerous condition and, therefore, Plaintiffs reserve the right to have their expert address this Interrogatory. This Interrogatory is also unduly burdensome to the extent it requests all details related to the dangerous condition alleged in this case. Subject to and without waiving these objections, Plaintiffs respond as follows: The stormwater management system is the dangerous condition that caused Plaintiffs' damages. The system was not properly designed, maintained and/or repaired, resulting in stormwater, debris and undesirable materials such as sewage to be directed onto Plaintiffs' property and into Plaintiffs' garage and ductwork. The Township has been aware that Plaintiffs' property floods during rain events, but has failed to adequately or appropriately address the defects in the stormwater management system that causes Plaintiffs' property to flood and continues to damage Plaintiffs. The flooding of Plaintiffs' property, and the related pollution and malodorous scent, substantially interfere with Plaintiffs' use and quite enjoyment of their property and home. The failure of the Township's stormwater management system is allowing stormwater, debris and undesirable materials such as sewage to be directed onto Plaintiffs' property, which is the trespass alleged in this case, as well. The Township's use of the Plaintiffs' property as part of its stormwater management system, as a retention basin for the Township's stormwater, debris and undesirable materials it directs there during rain events, has resulted in a complete devaluation of Plaintiffs' property for which the Township has failed to compensate Plaintiffs.

18.    Set forth the date(s) of any and all insurance claims filed by plaintiffs arising out of a flooding event.

**RESPONSE:** Plaintiffs have not made any insurance claims related to the flooding of their property.

19.    Set forth and attach any and all communications between the Township and plaintiffs or plaintiffs' representatives with regard to the issue of flooding.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. This Interrogatory is also vague and ambiguous as phrased. This Interrogatory is objectionable to the extent it seeks information protected by the attorney-client privilege and/or Attorney Work Product doctrine, and to the extent the Township is in possession of the information requested. Lastly, this Interrogatory is objectionable to the extent it requests the production of documents. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs' written communications with the Township and Plaintiffs' attorneys' written communications with the Township are produced in response to the Township's Demand of Documents.

20.    Set forth each and every instance that plaintiffs reported and/or complained to defendant regarding flooding on plaintiff's property including the substance of any such report or complaint.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. This Interrogatory is also objectionable to the extent the Township is in possession of the information requested. Subject to and without waiving these objections, Plaintiffs respond as follows: In addition to the written communications referenced in the preceding answer and which are produced in response to the Township's Request for Production of Documents, Plaintiff made a few telephone calls to the Township and had conversations with Township employees on site, to report and/or complain about flooding of their property, debris in the stream and water in the shed.

21.    Set forth in detail plaintiff's basis for asserting that the Township has been aware of the flooding issues and the defects in its stormwater management system for many years.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. This Interrogatory is also unduly burdensome to the extent it requests all details for Plaintiffs' assertion that the Township has been aware of the flooding issues and the defects in its stormwater management system for many years. This Interrogatory is also objectionable to the extent the Township is in possession of the information requested. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs reported their flooding issues to the Township, in both writing and via telephone calls and, thus, the Township was on notice of the flooding issues and the defects in its stormwater management system causing such flooding.

As to Objections:

WEIR LLP
A Pennsylvania Limited Liability Partnership

BY: /s/ *Jennifer Hiller Nimeroff*
       Jennifer Hiller Nimeroff, Esquire
       Attorney I.D. No. 027241995
       Robert Sokolove, Esquire, *pro hac vice*
       20 Brace Road
       Suite 201
       Cherry Hill, NJ 08034
       (856) 429-7750
       (856) 427-0360 (Facsimile)
       jhiller@weirlawllp.com
       rsokolove@weirlawllp.com

       *Attorneys for Plaintiffs*

Dated: March 27, 2025

## **CERTIFICATION**

I have read the above interrogatories and the foregoing answers. I certify that I understand the above interrogatories and answers, and that my answers are true, complete and correct to the best of my knowledge. I further understand that if any of the above answers need to be modified or supplemented, I will do so. If any of the above answers are willfully false, I am subject to punishment.

_____ (Signature)

_____Brian    Rak_____ (Printed Name)

_____3/27/25_____ (Date)

_____ (Signature)

_____Jessica   Kratovil_____ (Printed Name)

_____3/27/25_____ (Date)

11