

## METHFESSEL & WERBEL
### A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE, III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.<^
THOMAS O. MULVIHILL>
JAMES FOXEN^
SARAH K. DELAHANT+
ATHINA L. CORNELL+
JEFFREY R. MERLINO+
JENNIFER A. OSBORNE+
ANDREW J. GIBBS>
JARED S. SCHURE>

Of Counsel
STEPHEN R. KATZMAN#
ED THORNTON>
MICHAEL TRIFIOLIS>
BETH A. BOLGER+
PAUL E. GRIGGS>

Counsel
ADAM M. CARMAN+^
SHAJI M. EAPEN+
JOSEPH C. FALK>
ANGELA M. GURRERA>
GERALD KAPLAN+
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
CHRISTINA MICHELSON>
RICHARD A. NELKE>
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
STEVEN A. UNTERBURGER+

Associates
KASSIANI CHRYSANTHOPOULOS>
EDWARD D. DEMBLING>
KARISHMA DHRUVE>
MICHAEL R. EATROFF>
ERICA FRANCISCO-LAU+
FRANK J. KEENAN+^
SCOTT KETTERER>
ZURAB MAISURADZE>
JOHN M. MARTIN>
ANTHONY J. MANCUSO>
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
VITTORIA A. SCULCO>
SARAH E. SHEPP+
ALYCIA M. SWIFT+
TIFFANY D. TAGARELLI>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
(1942-2024)
MARC DEMBLING*+
(1944-2022)

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
+Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
<Member of NJ, NY & CA Bar
<Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar
+Member of NY, NJ & FL Bar

**Please reply to New Jersey**

January 5, 2026

<u>VIA ECOURTS FILING</u>
Clerk, United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
2 Federal Square
Newark, NJ 07101

RE:   **JESSICA KRATOVIL AND BRIAN RAK VS. PISCATAWAY TOWNSHIP**

Our File No.       : 95781 WSB
Docket No.         : 2:24-CV-10661

Dear Sir/Madam:

Enclosed please find the following documents:

☒ Notice of Motion
☒ Certification
☒ Order
☒ Certificate of Mailing

Very truly yours,
**METHFESSEL & WERBEL, ESQS.**

William S. Bloom
bloom@methwerb.com
Ext. 167

WSB:jrf/Encl.

2025 Lincoln Highway • Suite 200 • P.O. Box 3012 • Edison, NJ 08818 • (732) 248-4200 • FAX (732) 248-2355
112 West 34th Street • 17th Floor • New York, NY 10120 • (212) 947-1999 • FAX (212) 947-3332
One Liberty Place • 1650 Market St., 36th Floor • Philadelphia, PA 19103 • (215) 665-5622 • FAX (215) 665-5623
101 Federal Street • Suite 1900 • Boston, MA 02110 • (617) 204-5630 • FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 95781 WSB
Page 2

cc:  <u>VIA EMAIL: jhiller@wgpllp.com</u>
Jennifer Hiller Nimeroff, Esq.
Weir Greenblatt Pierce LLP
35 Kings Highway East
Haddonfield, NJ 08033

<u>VIA LRex – COURTESY COPY</u>
Honorable Evelyn Padin, J.S.C.
United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
2 Federal Square
Newark, NJ 07101

William S. Bloom - ID #016631994
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
bloom@methwerb.com
Attorneys for Piscataway Township
Our File No.  95781 WSB

| | |
|---|---|
| JESSICA KRATOVIL AND BRIAN RAK<br>1247 BROOKSIDE ROAD<br>PISCATAWAY, NJ 08854<br><br>Plaintiff<br><br>V.<br><br>PISCATAWAY TOWNSHIP<br>455 HOES LANE<br>PISCATAWAY, NJ 08854<br><br>Defendant | UNITED STATES DISTRICT - NEWARK<br>CIVIL ACTION NO.: 2:24-CV-10661<br><br>Civil Action<br><br>**NOTICE OF MOTION TO DISMISS COUNTS ONE, TWO AND THREE OF PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE NOTICE REQUIREMENTS OF THE TORT CLAIMS ACT, N.J.S.A. 59:8-8** |

**TO:  MOTIONS CLERK AND ALL COUNSEL OF RECORD**

     **PLEASE TAKE NOTICE** that the undersigned will apply to the above

named Court at 2 Federal Square, Newark, NJ 07101 on February 2, 2026 at

9:00 a.m., or as soon thereafter as counsel may be heard, for an Order to dismiss

Counts One, Two and Three of plaintiff's complaint with prejudice for failure

to comply with the notice requirements of the Tort Claims Act.

DATE OF:  Arbitration:  NONE              Mediation:  NONE
              Trial: NONE                    Discovery End Date:  1/15/2026


**METHFESSEL & WERBEL, ESQS.**
Attorneys for Piscataway Township


By:_____
          William S. Bloom

DATED: January 5, 2026
A proposed form of Order is annexed hereto.

William S. Bloom - ID #016631994
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
bloom@methwerb.com
Attorneys for Piscataway Township
Our File No.  95781 WSB

| | |
|---|---|
| JESSICA KRATOVIL AND BRIAN RAK<br>1247 BROOKSIDE ROAD<br>PISCATAWAY, NJ 08854<br><br>Plaintiff<br><br>V.<br><br>PISCATAWAY TOWNSHIP<br>455 HOES LANE<br>PISCATAWAY, NJ 08854<br><br>Defendant | UNITED STATES DISTRICT - NEWARK<br>CIVIL ACTION NO.: 2:24-CV-10661<br><br>Civil Action<br><br>**CERTIFICATION** |

I, William S. Bloom, of full age, duly certify as follows:

1.      I am an attorney at law in the State of New Jersey, associated with the law firm of Methfessel & Werbel, attorneys for the defendant(s), Piscataway Township, and in such capacity, I am fully familiar with the facts of the within matter.

2.     Piscataway Township (hereinafter "Defendant") is a municipality located in Middlesex County that operates on 455 Hoes Lane, Piscataway, NJ 08854.

3.     On October 22, 2024, Plaintiff filed a Complaint in the Superior Court of New Jersey against defendant. **Exhibit A, Pl. Complaint.**

4.     On May 21, 2025, plaintiff filed an Amended Complaint. **Exhibit B, Pl. Amended Complaint**.

5.     Plaintiff alleges that, due to the defendant's stormwater system, rainwater was directed onto Plaintiff's property, causing significant damage and destruction to their property, located at 1247 Brookside Road, Piscataway, New Jersey 08854. **Exhibit B.**

6.     Plaintiff does not claim a specific date of injury but rather alleges that "there have been numerous floods which have occurred over the years, including within the two years preceding the commencement of this civil action." **Exhibit B.**

7.     At Count One, plaintiffs allege that defendants were negligent and liable for a dangerous condition of public property.  **Exhibit B.**

8.     At Count Two, plaintiffs allege nuisance and unreasonable interference with plaintiff's property. **Exhibit B.**

9.     At Count Three, plaintiffs allege trespass. **Exhibit B.**

10.    At Count Four, plaintiffs allege that defendant's conduct constituted an inverse condemnation. **Exhibit B.**

11.    Movant is a public entity, pursuant to <u>N.J.S.A</u> 59:1-3.

12.    Pursuant to <u>N.J.S.A</u> 59:8-8, plaintiff had ninety (90) days from the date of the incident, or in this case, the date of the damage, to serve defendants with a Tort Claims Notice.

13.    Plaintiff failed to serve a Tort Claims Notice to defendants. **Exhibit B**.

14.    In the Amended Complaint, under the heading "NOTICE TO TOWNSHIP", plaintiff lists various communications to and from the defendant beginning in or about July of 2020.  **Exhibit B.**

15.    In July 2020, the plaintiff sent an email complaining that during heavy rainfall the drainage easement backs up and floods the yard and asks for guidance as to who to contact to remedy.  Exhibit B.

16.    Thereafter, the defendant had a log removed from the stream. **Exhibit B.**

17.    On September 3, 2020, the plaintiff sent an email to Director of Public Works reporting more flooding.  **Exhibit B.**

18.    The defendant responded by email advising of the Township being restricted in performing any work in the stream.  **Exhibit B.**

19.    In December of 2020, plaintiff sent another email to the Director of Public Works complaining about erosion from flooding.  **Exhibit B.**

20.    The defendant responded by advising that the Township had no responsibility to address issues within the stream.  **Exhibit B.**

21.    On January 11, 2021, an attorney on behalf of plaintiff sent a letter to the Township demanding repair and maintenance of the drainage easement and that a failure to do so might result in the filing of a lawsuit.  **Exhibit B.**

22.    The Township Attorney responded by explaining that the Township has no responsibility and would not be taking action.  **Exhibit B.**

23.    On May 18, 2021, the same attorney for plaintiff responded to the Township Attorney, demanding reimbursement to the plaintiff for the cost of removing two fallen trees in easement area in the amount of $2,825.56. **Exhibit B.**

24.    The Township did not respond.  Exhibit B.

25.    On June 21, 2024, plaintiff's present counsel issued a letter to the Director of Public Works setting forth the opinion of an engineer retained by the plaintiff regarding drainage in the subject area; counsel requested a meeting to discuss the formulation of a plan.  **Exhibit B.**

26.    On July 15, 2024, plaintiff's present counsel issued another letter indicating that the Township's silence was being interpreted as the Township

not being interested in a discussion of a plan to resolve the flooding issues and that the Township would prefer to litigate.  Exhibit B.

27.    Plaintiff asserts that the above communications constitute substantial compliance with the Tort Claims Notice requirements.  **Exhibit B.**

28.    On or about March 27, 2025, plaintiff served Answers to Interrogatories which identify specific dates of alleged flooding:  May 30, 2019, July 17, 2020, July 22, 2020, July 31, 2020, August 13, 2020, September 3, 2020, June 4, 2021, July 29, 2021, August 10, 2021, August 27, 2021, September 1, 2021, October 26, 2021, and July 4, 2023.  **Exhibit C, Pl Answers to Interrogatories.**

29.    Defendant now moves to dismiss Counts One, Two and Three of plaintiff's complaint with prejudice for failure to properly serve a notice of claim upon a public entity, pursuant to the Torts Claim Act.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

                                    **METHFESSEL & WERBEL, ESQS.**
                                    Attorneys for Piscataway Township


                                    By:_____
                                         William S. Bloom

DATED: January 5, 2026

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA KRATOVIL AND BRIAN RAK<br>1247 BROOKSIDE ROAD<br>PISCATAWAY, NJ 08854<br><br>Plaintiff<br><br>V.<br><br>PISCATAWAY TOWNSHIP<br>455 HOES LANE<br>PISCATAWAY, NJ 08854<br><br>Defendant | UNITED STATES DISTRICT - NEWARK<br>CIVIL ACTION NO.: 2:24-CV-10661<br><br>Civil Action |

## DEFENDANTS PISCATAWAY TOWNSHIP'S BRIEF IN SUPPORT OF
## MOTION TO DISMISS

**METHFESSEL & WERBEL, ESQS.**
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
bloom@methwerb.com
Attorneys for Piscataway Township
Our File No.  95781 WSB

Of counsel and on the brief:
William S. Bloom, Esq.

# **TABLE OF CONTENTS**

LEGAL ARGUMENT ........................................................................................ 1

    POINT I: APPLICATION OF FEDERAL RULE OF CIVIL
    PROCEDURE 12(b)(6) REQUIRES THE DISMISSAL OF THE
    COMPLAINT……………………………………………………………..1

    POINT II: PLAINTIFF FAILED TO COMPLY WITH THE NOTICE
    REQUIREMENTS OF THE TORT CLAIMS ACT ............................. 2

    POINT III: PLAINTIFF HAS NOT SUBSTANTIALLY COMPLIED
    WITH THE TORT CLAIMS NOTICE REQUIREMENT .................... 5

CONCLUSION ............................................................................................... 7

# **TABLE OF AUTHORITIES**

Cases                                                                    Pages(s)

Ashcroft v. Iqbal,
   566 U.S. 662 (2009)................................................................. 1
Birchwood Lakes Colony Club v. Medford Lakes,
   90 *N.J.* 582, 449 *A.*2d 472 (1982) ..................................... 4
D.D. v. Univ. of Med. & Dentistry of N.J.,
   213 N.J. 130 (2013) ................................................................ 5
Grohs v. Yatauro,
   984 F. Supp. 2d 273, 282 (D.N.J. 2013) .............................. 2
Kenney v. Scientific, Inc.,
   204 N.J. Super. 228, 497 A.2d 1310................................... 4
Kolitch v. Lindedahl,
   100 N.J. 485 (1985) ............................................................... 3
Morse v. Lower Merion Sch. Dist.,
   132 F.3d 902, 906 (3d Cir. 1997)) ....................................... 2
Papasan v. Allain,
   478 U.S. 265, 286 (1986)) ..................................................... 1
Pandya v. State, Dep't of Transp.,
375 N.J. Super. 353 (App.2005) ……………………………………..3
Polyard v. Terry,
   160 N.J. Super. 497, 390 *A.*2d 653 (App.Div.1978)…………………………………3
Russo Farms, Inc. v. Vineland Bd. of Educ.,
   280 N.J. Super. 320, 655 A.2d 447 (App. Div. 1995)………………………...………3
Vincitore v. N.J. Sports & Exposition Auth.,
   169 N.J. 119 (2001)………………………………………………3
Wright v. State,
   169 N.J. 422 (2001)………………………………………………3

Regulations

N.J.S.A 59:1-3 .............................................................................. 5
N.J.S.A. 59:1-1 ............................................................................. 4
N.J.S.A. 59:1–2 ............................................................................ 3
N.J.S.A. 59:2–2 ............................................................................ 4
N.J.S.A. 59:4-1 ............................................................................. 3
N.J.S.A. 59:4–2 ............................................................................ 4
N.J.S.A. 59:8–7 ......................................................................... 3, 6
N.J.S.A. 59:8-8 ..................................................................... passim

Rules

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**POINT I**

**APPLICATION OF FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6) REQUIRES DISMISSAL OF
THE COMPLAINT.**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." While a complaint "does not need detailed factual allegations" to survive a motion to dismiss, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).    The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 566 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 555).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan, 478 U.S. at 286.

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Iqbal, 566 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ibid.  The plausibility standard is not a "probability requirement," but rather "asks for more than a sheer possibility that a [defendant] has acted unlawfully." Ibid.   While pro se plaintiffs are often held to less stringent standards, the Court, need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'"  Grohs v. Yatauro, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

In this case, Plaintiff fails to state a claim upon which relief could be granted as set forth below. Even if taken as true and viewed in the light most favorable to Plaintiff, the facts set forth in the Complaint fail to establish that Plaintiff complied with the notice requirements of the Torts Claim Act. Therefore, Plaintiff's Complaint should be dismissed in it's entirety as a matter of law.

## **POINT II**

## **PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMNTS OF THE TORT CLAIMS ACT**

Plaintiff failed to serve a notice of tort claim within ninety (90) days after the date of the accrual for the cause of action, as required under the Tort Claims Act (TCA), pursuant to N.J.S.A. 59:8-8. As such, Counts One, Two, and Three

of plaintiff's Amended Complaint which are governed by the Tort Claims Act must be dismissed with prejudice.

When a party alleges that an injury arising from a tortious action or inaction of a public entity, any causes of action brought will be subject to the Torts Claim Act. N.J.S.A. 59:4-1, et seq. The Tort Claim Act defines the boundaries of sovereign immunity for public entities in New Jersey, and prescribes "the nature, extent and scope of state and local tort liability and the procedural requisites for prosecuting tort claims against governmental agencies." Wright v. State, 169 N.J. 422, 435 (2001) (internal quotations omitted).

Although the Torts Claim Act has dissolved sovereign immunity to an extent, immunity nonetheless remains the general rule, with liability existing only within narrow exceptions. Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119 (2001); Pandya v. State, Dep't of Transp., 375 N.J. Super. 353, 367 (App. Div. 2005). "The statute is . . . unmistakably clear in providing that liability on the part of the State cannot be imposed unless consistent with the entire Act itself." Kolitch v. Lindedahl, 100 N.J. 485, 492 (1985) (emphasis added).

Pursuant to the procedural requirements of the Tort Claims Act, N.J.S.A. 59:8–7, and N.J.S.A. 59:8–8, filing a notice of claim is a prerequisite to

3

maintaining any of plaintiff's nuisance, trespass or other tort claims against a township or public entity. *See* Russo Farms, Inc. v. Vineland Bd. of Educ., 280 N.J. Super. 320, 325, 655 A.2d 447, 449 (App. Div. 1995), aff'd in part, rev'd in part, 144 N.J. 84, 675 A.2d 1077 (1996). N.J.S.A. 59:1–2; Polyard v. Terry, 160 N.J. Super. 497, 506, 390 *A.*2d 653 (App.Div.1978), Birchwood Lakes Colony Club v. Medford Lakes, 90 *N.J.* 582, 449 *A.*2d 472 (1982). New Jersey Courts have reaffirmed that an action in nuisance against a public entity is subject to standards of the Tort Claims Act. N.J.S.A. 59:1-1. Kenney v. Scientific, Inc., 204 N.J. Super. 228, 497 A.2d 1310 (L.1985). With respect to the statutory recognition and continuation of the nuisance cause of action, the two sections of the act implicated are N.J.S.A. 59:4–2 and N.J.S.A. 59:2–2. The former creates liability for injury caused by the dangerous condition of a public entity's property. Birchwood Lakes Colony Club, Inc. v. Borough of Medford Lakes, 90 N.J. 582, 593, 449 A.2d 472, 478 (1982)

N.J.S.A 59:8-8 of the Torts Claim Act requires any claim relating to a cause of action for injury or damage to person or to property to be:

> Presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9.

4

In the within matter, plaintiff alleges significant property damage due to repeated flooding caused by the defendant's stormwater management system. Defendant is a public entity, and thus, plaintiff was required to provide a notice of tort claim within ninety days of the accrual of the first three causes of action set forth in the complaint. In Count One of the complaint, plaintiff alleges that defendants were negligent and caused a dangerous condition on public property. In Count Two of the complaint, plaintiff alleges nuisance and unreasonable interference with plaintiff's property. In Count Three of the complaint, plaintiff alleges trespass.

Plaintiff has failed to follow the statutory requirements of the Tort Claims Act, specifically <u>N.J.S.A.</u> 59:8-8. As such, Counts One, Two, and Three of plaintiff's complaint must be dismissed with prejudice.

## POINT III

### PLAINTIFF HAS NOT SUBSTANTIALLY COMPLIED WITH THE TORT CLAIMS NOTICE REQUIREMENT

The various communications cited in the Amended Complaint do not collectively nor individually constitute substantial compliance with the Tort Claims Notice requirement of the Tort Claims Act.

The doctrine of substantial compliance is narrowly applied and only intended to cure technical deficiencies in otherwise timely and written notice.

D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 159 (2013). The New Jersey Supreme Court in H.C. Equities, LP v. County of Union, specifically held that a plaintiff's multiple, discrete communications – sent at different times and to different recipients – is inconsistent with the design of the notice requirements of the Tort Claims Act and thus cannot arise to substantial compliance.  247 N.J. 366, 386 (2021)  The Court said that "it is inherently problematic to conclude that a collection of letters can, together, substantially comply with the notice requirement." Id. at 387.   The Court observed that a ruling that multiple documents can collectively constitute effective notice of a tort claim invites the very confusion that the Act was intended to avoid. Id. "That concern is particularly relevant because the statement deemed by the Appellate Division to satisfy the Act's requirement were made in routine correspondence between lawyers engaged in the potential resolution of an ongoing dispute." Id. at 388.

In the within matter, there was no attempt to comply with the Tort Claims requirement.  Using the words of the H.C. Equities Court: "This is not a case in which a claimant attempted to satisfy N.J.S.A. 59:8-7's mandate that it file its claim with the local public entity but fell short of that requirement because of a mistake or technical deficiency." Id.  Instead plaintiff has sought to cobble together a series of communications occurring over a four year period to argue

6

for substantial compliance, which is plainly precluded by the Court in <u>H.C. Equities</u>, which roundly rejected the use of multiple communications as a basis for substantial compliance, even where in that case those communications, at least, occurred within ninety days of the accrual of the claim. Here, most of the cited communications occurred more than two years prior to the filing of the original complaint and thus would be referencing time-barred claims.[1]

Beyond the above, none of the communications in the within matter stated an intention to file a tort claim. The letters generally reference the flooding issues. There is no reference to any property damage, injury, nor any indication that Plaintiff intends to file a lawsuit against the Defendant for any tort claim. Nor has plaintiff provided any explanation for why there was not strict compliance with the notice requirement. <u>Id</u>. at 389.

As such, plaintiff cannot establish substantial compliance.

## **<u>CONCLUSION</u>**

Based on the foregoing, it is respectfully requested that the defendant, Piscataway Township's Motion to Dismiss Counts One, Two and

---

[1] It further bears noting that the June and July 2024 communications – which would be the only communications that theoretically would apply to non-time-barred tort claims – occurred approximately one year after the last flood date identified in plaintiff's Answers to Interrogatories, July 2023, and thus would be beyond the ninety (90) day requirement for that accrual date.

Three of plaintiff's complaint with prejudice for failure to comply with the notice requirements of the Tort Claims Act be granted.

William S. Bloom - ID #016631994
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
bloom@methwerb.com
Attorneys for Piscataway Township
Our File No.  95781 WSB

|  |  |
|---|---|
| JESSICA KRATOVIL AND BRIAN RAK<br>1247 BROOKSIDE ROAD<br>PISCATAWAY, NJ 08854<br><br>       Plaintiff<br><br>V.<br><br>PISCATAWAY TOWNSHIP<br>455 HOES LANE<br>PISCATAWAY, NJ 08854<br><br>       Defendant | UNITED STATES DISTRICT - NEWARK<br>CIVIL ACTION NO.: 2:24-CV-10661<br><br>       Civil Action<br><br>       **ORDER** |

**THIS MATTER** having been brought before the Court on the Motion of Methfessel & Werbel attorneys for defendant(s), Piscataway Township for an Order dismissing Counts One, Two and Three of plaintiff's Complaint with prejudice for failure to comply with the notice requirements of the Tort Claims Act, and the Court having considered the matter and for good cause shown;

**IT IS** on this        day of              ;

**ORDERED** that Counts One, Two and Three of plaintiff's Complaint be and is hereby dismissed with prejudice for failure to comply with the notice requirements of the Torts Claim Act, pursuant to <u>N.J.S.A.</u> 59:8-8; and it is further

**ORDERED** pursuant to Rule 1:5-1(a) that a copy of this Order will be served on all parties not served electronically, nor served personally in Court on this date, within seven (7) days of the date of this Order.

_____
                                                    J.S.C.

( ) Opposed
( ) Unopposed

Our File No. 95781

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

1.    I am employed by the law firm of Methfessel & Werbel.

2.    On January 5, 2026 the undersigned prepared and forwarded copies of the within correspondence to the following parties:

Motions Clerk, United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
2 Federal Square
Newark, NJ 07101

Jennifer Hiller Nimeroff, Esq.
Weir Greenblatt Pierce LLP
35 Kings Highway East
Haddonfield, NJ 08033

Honorable Evelyn Padin, J.S.C.
United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
2 Federal Square
Newark, NJ 07101

3.    I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Jessica R. Ford