January 15, 2025

*Via CM/ECF*
Honorable Evelyn Padin, U.S.D.J.
United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    **Re:** **Jessica Kratovil and Brian Rak v. Piscataway Township**
       **Docket No. 2:24-cv-10661**

Dear Judge Padin:

  Kindly accept this joint status letter in preparation for the Status Conference scheduled in this matter for Friday, January 23, 2026 at 2:30 PM.

  This matter involves claims by homeowners against Piscataway Township related to improper drainage. Plaintiffs' claims against the Township are for dangerous condition/negligence, nuisance, trespass and inverse condemnation.

  **Pleadings.** On May 21, 2025, Plaintiffs filed an Amended Complaint. On May 28, 2025, the Township filed an Answer. On December 24, 2025, the Court administratively terminated the Township's Motion to Dismiss Counts One, Two and Three of Plaintiffs' Amended Complaint With Prejudice For Failure To Comply With The Notice Requirements Of The Tort Claims Act, N.J.S.A. 59:8-8, for failure to comply with Fed.R.Civ.P. 7(b)(1), but allowed the Township to re-file its Motion. The Township re-filed its Motion on January 5, 2026, and Plaintiffs filed a timely response in opposition. Given Plaintiffs' claim for inverse condemnation (Count Four), a favorable ruling on the Township's Motion would not dispose of the entire case.

  **Discovery.** The parties exchanged Rule 26 Disclosures. They served written discovery requests and responded to written discovery requests. The Township conducted the depositions of Plaintiffs Jessica Kratovil and Brian Rak. Plaintiffs conducted the depositions of various Township representatives; namely, Joe Herrera, Mick Mosier and Charles Carly. Plaintiffs were just served with additional documents and, given the nature of some of them, may require a few more depositions, including a representative from the NJ Department of Environmental Protection. The Township has requested the deposition of Plaintiff's engineer, Daphne Galvin, for a quasi-expert / fact deposition, which is in the process of being scheduled, but which Plaintiffs submit should not be conducted until after the exchange of expert reports.

  As to whether additional expert discovery will be needed, the parties will be prepared to address this at the time of the conference.

Honorable Evelyn Padin, U.S.D.J.
January 15, 2026
Page 2

                Respectfully submitted,

                WEIR LLP

BY: _____
            Jennifer Hiller Nimeroff, Esquire
            Robert D. Sokolove, Esquire, Esquire

METHFESSEL & WERBEL PC


BY: */s/ William Bloom*_____
            William S. Bloom, Esquire