UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA KRATOVIL AND BRIAN RAK<br><br>　　　　Plaintiff<br><br>V.<br><br>PISCATAWAY TOWNSHIP<br><br>　　　　Defendant | CIVIL ACTION<br><br>NO.: 2:24-cv-10661 |

**DEFENDANT'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COUNTS I, II AND III OF PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

**Motion Day: February 2, 2026**

　　　　　　　　　　　　　　　　William S. Bloom - ID #016631994
　　　　　　　　　　　　　　　　METHFESSEL & WERBEL, ESQS.
　　　　　　　　　　　　　　　　2025 Lincoln Highway, Suite 200
　　　　　　　　　　　　　　　　PO Box 3012
　　　　　　　　　　　　　　　　Edison, New Jersey 08818
　　　　　　　　　　　　　　　　(732) 248-4200
　　　　　　　　　　　　　　　　1(732) 248-2355
　　　　　　　　　　　　　　　　bloom@methwerb.com
　　　　　　　　　　　　　　　　Attorneys for Piscataway Township
　　　　　　　　　　　　　　　　Our File No.  95781 WSB

DATED:  January 21, 2026

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

**TABLE OF AUTHORITIES**

Page(s)

Cases

D.D. v. Univ. of Med. & Dentistry of N.J.,
   213 N.J. 130 (2013) .................................................................................... 4

Statutes

N.J.S.A. 59:8-8 ................................................................................... 4, 5, 6

**LEGAL ARGUMENT**

Please accept the following reply in support of defendant's motion to dismiss Counts I-III of the Amended Complaint for failure to comply with the Tort Claims Notice requirements of N.J.S.A. 59:8-8, returnable February 2, 2026.

The opposition fails to present an arguable basis for substantial compliance.

As a last refuge, plaintiffs put forth a "public policy" argument on the purported basis that "dismissal of Plaintiffs' currently pending tort claims is a temporary delay of the inevitable" because Plaintiffs have actionable claims arising out of alleged flooding that occurred in 2025. This argument is meritless.

At step one, there is nothing in the caselaw that suggests the availability of a public policy exception to the doctrine of substantial compliance. As previously noted, "[t]he doctrine of substantial compliance is narrowly applied and only intended to cure deficiencies in otherwise timely and written notice." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 159 (2013).

At step two, while it may be "inevitable" that Plaintiffs will file suit regarding subsequent flood events that occurred in 2025, it also "inevitable"

that all of the flood events for which the Plaintiffs are presently suing in this matter are barred by the Tort Claims Notice requirements.[1]  In short, plaintiffs obviously are free to file a tort suit for damage arising out of the 2025 events for which they have served a Notice of Claim (once the six month buffer period has expired), but those 2025 claims cannot serve as a mechanism to bootstrap and resuscitate the otherwise barred claims that are the subject of the within lawsuit.

Finally, for the sake of completeness, we must address Plaintiffs' assertion: "[T]here is no question that Plaintiffs attempted to comply with the Act."  Whatever actions the Plaintiffs took dating back to 2020 that they are now trying to retrofit into a substantial compliance argument, there is no indication there was any conscious, purposeful attempt to comply with N.J.S.A. 59:8-8 or that Plaintiffs were even aware of N.J.S.A. 59:8-8 or the Tort Claims Act in general.  N.J.S.A. 59:8-8 sets forth a specific procedure as well as the information – including claimed damages - to be provided and then contains a two-year statute of limitations for any such claims.

Here, Plaintiffs did not even include mention of the Tort Claims Act in the Complaint, much less assert compliance – substantial or otherwise, with the Tort Claims Notice requirements.  This does not bespeak an

---

[1] On top of that, claims for twelve of thirteen events are barred by the two-year statute of limitations in N.J.S.A. 59:8-8.

5

"attempt" to comply nor a technical deficiency; this bespeaks a lack of awareness of the Act and requirements. This is further evidenced by the fact that twelve of thirteen flood events that form the basis for the lawsuit occurred more than two years prior to the filing of the Complaint. If Plaintiffs were attempting to comply with N.J.S.A. 59:8-8, Plaintiffs would not have filed suit with regard to events that are clearly outside the Statute of Limitations. Finally, with the exception of reference to removal of two trees in 2021 at the cost of $2,825.56, none of the communications specify damages sought, again indicating that Plaintiffs' actions were not an "attempt" to comply with N.J.S.A. 59:8-8.

      As such, it is respectfully requested that Counts I-III be dismissed with prejudice.

                        **METHFESSEL & WERBEL, ESQS.**
                        Attorneys for Piscataway Township

                        By:_____
                            William S. Bloom

DATED: January 21, 2026